JOHN H. HAGERMAN, PROSECUTOR, v. THE STATE OF NEW JERSEY.

An indictment for obtaining goods by false pretences, which sets out that a defendant obtained, by false representations, certain house mouldings, inside doors, corner blocks and finishing boards for houses, of the value of $500, contains a sufficient description of the property and a sufficient statement of its value.

An indictment against John H. Hagerman is brought up from the Monmouth County Oyer and Terminer into this court, by a writ of *certiorari*.

The motion is to quash the indictment.

Argued at February Term, 1889, before Justices SCUDDER, DIXON and REED.

For the motion, *Samuel A. Patterson* and *Henry G. Clayton*.

*Contra, Charles Haight, Prosecutor of the Pleas.*

The opinion of the court was delivered by

REED, J.   The indictment attacked charges the defendant with obtaining certain property by false pretences.   The pretence as charged consisted of a representation made by the defendant to a firm known as Rogers, Garrison & Rogers that he, the defendant, was worth and owned real estate at Asbury Park, of the value of $2,500, free from any encumbrance.

It is charged that this representation was false.

It is further charged that he intended to obtain from the firm of Rogers, Garrison & Rogers certain house mouldings, inside doors, corner blocks and certain finishing boards for houses, of the amount or value of $500, and that the said Rogers, Garrison & Rogers, believing said false representation, were induced to sell and deliver to the defendant the aforesaid house mouldings, inside house doors, corner blocks and said finishing boards for houses, of the value of $500.

The points made against the indictment are that the property alleged to have been obtained by means of the false representation is insufficiently described and insufficiently valued.

The defect in description is said to consist in a failure to state the number of the articles obtained.

It is insisted that the indictment should state the number of house mouldings, the number of inside house doors, the

number of corner blocks and the number of finishing boards so obtained.

It is next insisted that the value of these chattels is stated collectively and should be stated specifically, meaning by this that the value of each article should be separately charged.

The counsel for the defendant starts out with the assumption that an indictment for obtaining property by means of false pretences must state the kind of property obtained, and its value, with the same particularity as is essential in an indictment for larceny. He then proceeds to demonstrate that a description like the one now under review, in an indictment for the larceny of the same property, would be insufficient.

It is undoubtedly true that the number of articles taken is a usual feature attending the description in an indictment for larceny.

It is stated in some of the text-books to be an essential part of such a description. 2 *Russ. Cr.* 107; 1 *Chit. Crim. L.* 235; 3 *Id.* 974.

The authority for the statement is a sentence taken from 2 *Hale P. C.* 182, to this effect: the number of things stolen must be expressed, therefore it is not sufficient to say *felonice furatus est oves* or *colombas* out of a dove cote, or young hawks out of the nest, without expressing their number. No decision of the English courts is cited in support of it, but the accuracy of the statement in respect to the illustrative instance is unquestionable.

Nevertheless, it is only true when number is such an obvious aid in the identification of the property stolen as that, without it, there would not be the certainty of description required in criminal pleading. The degree of certainty necessary is stated by Mr. Chitty in the first volume of his work on criminal law, page 235. His language is: "That it is also frequently necessary, in the description of an offence, to state the quantity, number and value of goods which are essential to the constitution of the offence or necessary to the right understanding of the indictment. But certainty to a

common intent, as it is technically termed, is generally sufficient which seems to mean such certainty as will enable the jury to decide in case of theft whether the chattel proved to have been stolen is the very same with that upon which the indictment is founded, and show judicially to the court that it could have been the subject-matter of the offence charged, and thus secure the defendant from any subsequent proceedings for the same cause after a conviction or acquittal."

To the same purport is the language of Mr. Starkie. Crim. Plead. 193.

To that is added by Chitty a fourth requisite, namely, that upon conviction the description shall be such as to identify the goods so they may be returned to the owner. If the description is insufficient to meet this requirement of certainty, then the statement of the number of articles will not save the indictment. "One hundred articles of household furniture" is · bad. *Rex* v. *Forsyth, Russ. & R.* 274. "One hundred pounds of meat" is also bad. *State* v. *Morey,* 2 *Wis.* 362. But, on the contrary, a charge of stealing a parcel of oats without stating the quantity is good. *State* v. *Brown,* 1 *Dev.* 137.

But, if it be true that the statement of the number of articles stolen is a necessary feature in an indictment for larceny, it does not follow that the same rule shall be extended to an indictment for every offence in which property is involved, for if the reason which constrains courts to recognize this rule in prosecutions for larceny is technical rather than substantial, it should not be extended to other offences, unless it has its foundation in precedents and rulings too well settled to be disregarded. The statement that the same certainty of description is essential in indictments for obtaining property by means of false pretences, as in indictments for larceny, while obviously true as a general rule, cannot be considered as a settled doctrine of the criminal law in all its details. It may be observed that a description of property, so far as such description aids in attaining the objects above mentioned by

Chitty, is in many instances not at all aided in certainty by the use of numbers or values.

A person who is indicted for stealing two bay horses is not entitled to an acquittal because the evidence establishes the fact that he stole one only, or that he stole more than two. The variance between the number charged and the number proved is not fatal, and does not entitle the defendant to an acquittal. If the evidence is that the defendant took one, he is liable to conviction for that part of the property described in the indictment. *Rex* v. *Forsyth, Russ. & R.* 274; *Commonwealth* v. *Griffin,* 21 *Pick.* 523, *Whart. Cr. Pl. & Pr.* 212. If the evidence is that he took three or more, including the two described, he is still liable for conviction for the felonious taking of the two. The statement of the number, therefore, is rather a limitation upon the amount of property, for the taking of which the defendant can be convicted, than a description which informs the defendants of the specific property covered by the indictment.

The degree of particularity with which the articles concerning which, a misdemeanor is charged should be described, depends upon their character as it appears in each case. No description can be so certain that some quality of the chattel is not left undescribed. Size, weight, color, shape and a dozen other qualities are all matters of description, yet it would be impracticable to require a statement of such qualities in every indictment.

Indeed, in every case without parol proof in respect to what was proven in a former case, it would be difficult, if not impossible, to show that a party charged with an offence in respect to chattels had been previously convicted or acquitted of a similar offence concerning the same property.

As before remarked, the description should be as particular as the nature of the case practically permits, in order to enable the defendant to make his defence intelligibly, and to afford him a safe protection in case of a second prosecution for the same offence. I am unable to perceive in what respect a statement of the number of mouldings, door, blocks and

boards would assist the defendant in the present case in securing the advantages mentioned. So far as appears, the transaction charged is a single one, and the chattels are identified by the fact that they were those procured by means of a particular false representation stated. The statement of the number of each class of articles would not be of the least assistance to the defendant, because it cannot be successfully contended that proof upon the trial that a less or greater number of articles were so obtained would entitle the defendant to an acquittal.

It is, however, secondly, insisted that the total value of the articles so obtained is stated in a single sum, and that the value of each article should always be stated whenever the degrees of criminality for which a defendant can be convicted under an indictment depends upon the value of the goods taken. It is, therefore, contended that in indictments for larceny this particularity of statement of value is necessary, so that the defendant can appreciate the charge against him, in reference to the degrees of grand and petit larceny. Attention is then called to the fact that the statute permits a party charged upon an indictment of obtaining goods upon false pretences to be convicted of larceny. *Rev.*, p. 277, § 56. And the sequence is pointed out, that every indictment for the former offence should be of the same particularity as an indictment for the latter.

That part of the language of the section which bears upon this feature of the discussion is as follows : " If upon the trial of any person for obtaining, by color of any false token, counterfeit letter or writing, or any false pretence or pretences, from any person any money, chattels or valuable thing, with the intent to defraud any person or body corporate out of the same, or for embezzlement or fraudulent application or disposition of any money, goods or valuable security, it shall be proved that he obtained such property, or took the same in such manner as to amount in law to larceny, he shall not by reason thereof be entitled to an acquittal, but the jury shall be at liberty as their verdict that such person was not guilty of such

misdemeanor but is guilty of larceny, and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for larceny."

This legislation was adopted with the revision. It was obviously suggested by a provision contained in a statute (7 *and* 8 *Geo. IV., c.* 28, § 53), which statute was repealed, but in this respect re-enacted in the statute (24 *and* 25 *Vict., c.* 96, ¶ 88) entitled "An act to consolidate and amend the statute law of England and Ireland relating to larceny and other similar offences." This section provides that obtaining goods by false pretences shall be a misdemeanor and provides for a penalty. It contains the following proviso: That if upon the trial of any person for such misdemeanor it shall be proved that he obtained the property in question in a manner as to amount in law to larceny, he shall not be by reason thereof entitled to be acquitted of such misdemeanor.

It is perceived that the provisions in the English act and the provisions in our act differ. By the former statute, certain conduct which before had been only larcenous by it was made also a misdemeanor and became liable to punishment as a cheat, under an indictment for obtaining goods by false pretences.

The provisions in our statute subject a defendant who is indicted for one to be convicted of another crime. On an indictment for obtaining goods by false pretences, the punishment for which misdemeanor cannot exceed three years imprisonment without deprivation of the right of suffrage, the defendant can be convicted of a felony, the punishment for which may be ten years in the state prison, together with the loss of the privilege of suffrage.

The question is at once suggested, how far the legislature can go in this direction without encountering the constitutional guarantee that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause of the accusation? *Const., art.* 1, § 8.

The facts stated in the indictment exclude the idea of a larcenous taking of the property, which taking always involves a trespass. It would be necessary, for the purpose of

laying a ground for a conviction for the latter offence, to introduce facts not only additional to but also contradictory to those set forth.

It is at once perceptible that if it were necessary to decide whether such a conviction could be had under the present indictment, a serious constitutional question would be presented. *The State* v. *Huntsman*, 12 *Tex. App.* 619.

I do not regard this question as one which presses for an answer in the decision of the case presented ; for if it should be held that a conviction for larceny may be had in some cases on a trial under an indictment for false pretences, it does not follow that an indictment which is sufficient to sustain a conviction for the latter offence only is bad.

Whether a conviction for larceny should be permitted under an indictment of this kind is quite a different question from the query whether the indictment charges any offence at all. The latter is the only question presented· on the present motion to quash, and I think the indictment will support a conviction for obtaining goods by false pretences. I think the description of the property which was obtained by the false representation and the statement of its value was sufficient.

The motion to quash is refused.