JOHN HOWLAND, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

The provision in section 56 of the Criminal Procedure act, that, upon the trial of an indictment for larceny, the jury may return a verdict of guilty of embezzlement, contravenes article 1, section 3, of the state constitution providing that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause of the accusation.

On error to the Monmouth Sessions.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, REED and GUMMERE.

For the plaintiff in error, *Nevius & Wilson*.

For the defendant in error, *Charles H. Ivins*, Prosecutor of the Pleas.

The opinion of the court was delivered by

REED, J. The defendant was indicted for the larceny of a check. He was convicted of embezzlement. The facts proved were these: The check was payable to one Frank Benson. Benson took the check to the store of one Levy, and, after endorsing the check, left it with Levy's son. He was to call the next morning and get the cash for the check. Young Levy placed the check in a safe standing in the store. Howland, the defendant, was in the store at the time. Some words passed between Howland and young Levy in respect to Howland's ability to open the safe.

Levy told him that if he could open the safe, he could have the check. Howland tried and succeeded, and took the check out of the safe. Young Levy made a grab for the check, but Howland passed out of the store having it in his possession. He afterwards cashed it.

The court, in charging the jury, proceeded to define what constituted larceny, and also what constituted embezzlement; and told the jury that, under the indictment, a conviction could be returned either for larceny or for embezzlement.

The question was left to the jury, whether the defendant believed, when he took the check from Levy's store, that it belonged to him, or whether he understood that the proposition that if he could open the safe he could have the check, was made in the way of a joke. As already observed, the jury convicted the plaintiff in error of embezzlement.

I do not see how this verdict is to be supported.

It seems entirely clear that the defendant was guilty of larceny or he was guilty of nothing. If he thought that he was entitled to the check, neither his asportation nor conversion was criminal. If, on the other hand, he had no legal right to take the check away with him, and he knew he had no such right, and yet cashed it, he was guilty of appropriating to his own use property which he knew he had unlawfully taken, and that is larceny. *Rex* v. *Riley,* 1 *Dears. C. C. R.* 149; *Commonwealth* v. *White,* 11 *Cush.* 483; *People* v. *Call,* 1 *Den.* 120; 2 *Bish. Cr. L.,* § 839.

But if there were doubts in respect to this, it is quite manifest that nothing in the facts brought the conduct of the defendant within any of the statutes relating to embezzlement. This misdemeanor, under our statutes, is only committible by one to whom property comes or is entrusted as servant, agent, bailee, factor, trustee, tenant or officer. *Rev., Crimes act*, §§ 148, 153, 159, 160, 161, 162, 165, 166, 169.

The defendant stood in none of these relations to the owner or possessor of the check. Besides, the charge upon this branch of the case was too broad.

The jury was told in general terms that embezzlement consisted in the fraudulent appropriation by one, of the property of another, entrusted to his care as servant, bailee or otherwise. The use of the words "or otherwise" was inaccurate and failed to define the crime. So, assuming that it was permissible to so convict, upon proof of the appropriate facts to fix upon the defendant the crime of embezzlement, this conviction cannot stand.

But there is a more radical objection to this conviction.

As already observed, the defendant was indicted for larceny. He was convicted of embezzling. Such a result at common law was impossible. But the legislature of this state, following, in some respects, English legislation, has attempted to legalize this course of procedure. In section 56 of the Criminal Procedure act (*Rev.*, p. 277) it is provided, *inter alia*, that if upon the trial of any person indicted for larceny, it shall be proved that he took the property in question in such a manner as to amount in law to embezzlement,    *    *    *    he shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that such person is not guilty of larceny but is guilty of embezzlement.

This legislation was before this court in the case of *Hagerman* v. *State*, 25 *Vr.* 104.

It was propounded in that case whether upon an indictment for obtaining property by false pretenses there could be a conviction for larceny, the same section empowering the jury to return such a verdict upon such an indictment. The query was, whether this legislation did not run counter to the con-

stitutional guarantee that in all criminal prosecutions the accused shall have the right to be informed of the nature and cause of the accusation. *Const., Art. I.,* § 8. It was not essential in that case that the question should be answered, but it is not doubtful what the answer must have been had the question been pressed for a solution. But one answer can be returned. The words of the constitution are plain. They need no exposition. Their application to a condition of affairs like the present is unmistakable. The defendant is indicted for stealing. The jury say that he is not guilty of stealing, but that he did commit a statutory misdemeanor known as embezzlement.

Of that other offence he was not accused at all, and of course he was not informed of the nature and cause of the accusation.

The judgment is reversed.