J. DIXON CUNNINGHAM, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. In an indictment for obtaining "a large sum of money, to wit, $1,800," under false pretences, one of the pretences was that the accused, who was an attorney-at-law, had necessarily expended in the institution of a suit for his client, $1,800. This pretence was negatived by declaring that the accused did not necessarily expend said sum of $1,800. The proof limited the amount pretended to have been so expended and to have been obtained under such pretence to the sum of $300. *Held,* that such proof did not support the pretence, which must fail because the falsity of such pretence was not averred in the indictment, the rule being that, in such indictments, there must be a distinct averment of the particular in which the pretence is false.

2. If the averment of falsity had been that the accused did not necessarily expend the said sum of $1,800, or any other sum, the pleading would have been sufficient to sustain the pretence as proved.

3. A conviction under such an indictment will not be disturbed because one of the pretences set forth therein is not distinctly negatived, provided the indictment contains an allegation of one or more false pretences upon which the defendant may be convicted, which are properly negatived and established by the evidence.

4. Whether, upon such a trial, the several acts of the accused in obtaining moneys from the prosecutor in various sums, on as many different days, under the continuing or repeated statement of the false pretences, constitute a continuous offence or are parts of the same transaction, so as to be provable under a single count of the indictment, *quære.*

[*Argued March 1st*, 1898; *decided June 20th*, 1898.]

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 67.

For the plaintiff in error, *Alan H. Strong.*

For the defendant in error, *John S. Voorhees*, prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The writ of error in this cause brings up for review the judgment of the Supreme Court affirming the proceedings had in the Middlesex Quarter Sessions on an indictment charging the plaintiff in error with the offence of obtaining money under false pretences.

The indictment consisted of but a single count, charging the accused, who was an attorney-at-law, with the commission of that offence in the obtaining from one Ellen Burk, his client, the sum of $1,800, on a certain day named therein.

It is insisted that there was error committed at the trial in permitting the state, under such single count, to offer evidence tending to prove that the money was obtained in various sums (twelve or more) ranging from $15 to $300, and on as many different days between June 10th and August 24th, 1895, aggregating in all about $1,200, upon the pretences named in the indictment, and also in that, while the accused was charged with but one offence, the state was allowed to offer proof against him of several distinct offences, in violation of a settled rule of criminal procedure.

The principle thus invoked was not questioned by the

counsel for the state, but his contention is that the evidence thus offered was admissible under an exception to that general rule which arises in offences that are of a continuous nature or where the criminal acts proven were parts of the same transaction.

The latter view seems to have found favor with the Supreme Court, as appears from the opinion. I am not prepared to accept the view that the case in hand is embraced within the exception referred to, but from the view I have taken of the after-proceedings it is quite unnecessary to decide that question now.

Before the accused was put upon his defence the court, on motion of his counsel, ordered the prosecutor to elect upon which of the several offences proven he would rely for a conviction. In obedience to the order the prosecutor thereupon elected to proceed upon the payment of $300 which was made on or about July 11th, 1895, and then, upon the further motion of the counsel of the accused, the court ordered the evidence relating to all the other payments of money testified to, to be stricken out of the case.

The trial judge, in his charge to the jury, directed them that the testimony in the case had been limited to the one particular charge of having received from the prosecutrix the sum of $300 by false pretences. These proceedings cured the error complained of.

The illegal reception of evidence is no ground for a reversal when the evidence was subsequently ruled out and the jury directed to disregard it. *Whart. Cr. Pr. & Pl.* (*9th ed.*) 803.

It is further insisted that there was error in admitting the evidence in proof of the offence of obtaining the $300 by false pretences, because, as it is alleged, there was no false pretence set forth in the indictment, properly pleaded, to sustain such proof. The contention is that the pretence was that the accused had necessarily expended, in the institution and prosecution of the suit, $1,800 ; that the indictment, in negativing this pretence, declares that the accused did not necessarily

expend said sum of $1,800 in the way pretended. And counsel justly says that the pretence upon which the accused was convicted was that he had spent $300 in the prosecution of the suit, and that it is nowhere charged in the indictment that the pretence was false; and that the statement that the accused had not " expended said sum of $1,800 " by no means implies that he had not expended $300. I think the counsel's contention thus far is correct. It is the undoubted rule that in such indictments there must be a distinct averment of the particular in which the pretence is false. 2 *Whart. Cr. L.* 1224; *Commonwealth* v. *Morrill,* 8 *Cush.* 571; *Rex* v. *Perrott,* 2 *Mau. & Sel.* 379.

If the pleader had added to the averment that the accused had not expended said sum of $1,800 the words " or any other sum," then the pleading would not be open to the objection suggested. Such was the form adopted in *People* v. *Herrick,* 13 *Wend.* 87, and which was held sufficient to sustain the pleading and proofs under circumstances somewhat similar to these.

The pretence we are now considering, thus failing for want of being properly negatived, the next inquiry is, can the conviction be sustained under any other of the pretences pleaded in the indictment?

One of the pretences named is that the accused, as the attorney of said Ellen Burke, had instituted an action at law wherein said Ellen Burke was plaintiff and the executors of Ezekiel Paterson, deceased, were defendants, before Honorable Mercer Beasley, Chief Justice of the Supreme Court of New Jersey, for the recovery of a large sum of money, to wit, the sum of $15,000, then claimed to be due to her from said executors. This pretence is properly negatived in the indictment.

The rule seems to be settled in this class of cases that, if any one of the false pretences be shown, one being itself within the statute, and appearing to have been operative in inducing the prosecutor to part with his property, will be sufficient to support a conviction. *Whart. Cr. Ev.* (8th ed.) 131.

In 2 *Whart. Cr. L.* 1168 the rule is stated thus: " While each particular pretence on which conviction is sought must be thus negatived, it is not necessary to negative all the pretences. Any one proved and negatived, if it supplied a preponderating motive, is sufficient to convict." The following cases are cited: *Commonwealth* v. *Stevenson,* 127 *Mass.* 446; *Webster* v. *People,* 92 *N. Y.* 422; *Beasley* v. *State,* 59 *Ala.* 20; *State* v. *Vorback,* 66 *Mo.* 168. The rule is fully approved also in 8 *Encycl. Pl. & Pr.* 867, 880, where additional cases are cited in its support.

In *Commonwealth* v. *Morrill, supra,* it was held to be no ground for arresting judgment on such an indictment that one of the pretences set forth therein is not distinctly negatived, provided the indictment contains an allegation of one or more false pretences upon which the defendant may be convicted, which are properly negatived and established by the evidence.

In the case in hand it is evident that it was this pretence by the accused, that he had instituted the suit in question in behalf of the prosecutrix, that was the preponderating motive that caused her to advance the money proved to have been obtained from her by the accused. This pretence and its falsity are amply supported by the evidence and are sufficient to sustain the conviction.

The other questions raised on the argument are, in my judgment, properly answered and disposed of in the opinion of the Supreme Court. I shall therefore vote to affirm the judgment below.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GARRISON, LIPPINCOTT, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH. 12.

*For reversal*—None.