THE STATE OF NEW JERSEY v. J. RANDOLPH APPLEBY.

Submitted March 2?, 1899—Decided June 12, 1899.

In an indictment for obtaining goods by false pretences, the description of the goods as "a large amount of dry and fancy goods of the value of twenty-seven hundred dollars," is too indefinite.

On motion to quash an indictment.

Before Justices DIXON and LUDLOW.

For the state, *Wilbur A. Heisley*, prosecutor of the pleas.

For the defendant, *Frank P. McDermott.*

The opinion of the court was delivered by

DIXON, J. The substantial question in this case is whether the indictment which charges the defendant with obtaining by false pretences "a large amount of dry and fancy goods of the value of twenty-seven hundred dollars," describes the property obtained with sufficient certainty.

In *Hagerman* v. *State*, 25 *Vroom* 104, this court, speaking by Mr. Justice Reed, declared that as a general rule the same certainty of description is required in an indictment for obtaining goods by false pretences as in an indictment for larceny. The leading objects of the description are in both classes of cases the same, viz., that the accused may be informed of the nature and cause of the accusation, so as to be enabled to prepare his defence, and that the offence for which he is tried may be perceived to be that for which the grand jury indicted him. Both of these objects have the sanction of our constitution.

The description adopted in the present case is very indefinite; it could hardly be more so. It embraces kinds of articles so numerous that they could not be called to mind by a person not expert in the business of dry and fancy goods. To such a person it would afford practically no aid in individualizing the transaction to which it relates. If a stock of dry and fancy goods contained in a certain store be intended, the description might be rendered reasonably certain by designating the store, but no such mark of distinction is set forth. In preparing for trial, the accused is left to surmise, as best he can, which of all the articles coming within the range of dry and fancy goods he is charged with obtaining, and on the trial both he and the court may be left in utter uncertainty whether the accusation before the petit jury is that on which the grand jury acted. On these grounds, an indictment for obtaining by false pretences "a certain lot of dry goods," was held bad in *Redmond* v. *State*, 35 *Ohio St.* 81.

The learned prosecutor urges that the other allegations of the indictment, the date, the place, the value of the goods, the name of the owner, and the various pretences by which the

goods were obtained, sufficiently characterize the transaction and inform the defendant of it. If all these particulars had to be proved to secure a conviction, or if we assume that the defendant is guilty, so that the suggestion of a single circumstance will recall to his memory the whole affair, that might be true. But the place, a township, gives no light, the date and value need not be truly alleged, and proof of only one of the false pretences is sufficient to sustain a conviction (*Cunningham* v. *State*, 32 *Vroom* 666), so that an enumeration of several pretences may becloud rather than clarify the charge. Moreover, we must assume that the defendant is innocent, and perhaps ignorant of the transaction, and therefore compelled to find in the indictment the information necessary for the preparation of his defence.

The description of the articles obtained is one of the few things in such an indictment which must be proved as alleged, and that description should be as definite as the subject is reasonably capable of.

We think the description in this case is not so, and consequently the indictment is quashed.