THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
LINWOOD HAINES, PLAINTIFF IN ERROR.

Submitted December 9, 1918—Decided February 6, 1919.

On error to the Supreme Court, in which the following *per
curiam* was filed:

"The defendant was convicted of obtaining money under
false pretences from one Blatchley, the charge in the indict-
ment being that he induced Blatchley to purchase stock in a
corporation, called 'Linwood Haines, Limited,' upon the rep-
resentation that said corporation was solvent and purchased
for cash at wholesale, was in a sound financial condition, and
that its shares were a safe and sound investment, which state-
ments were false to defendant's knowledge.

"The case is brought upon strict writ of error and also un-
der section 136 of Criminal Procedure act by certificate of
the entire proceedings at the trial. There are no exceptions
in due form to call for its examination in the former aspect,
but the causes for reversal are identical with the assignments
of error. They are twenty-one in number.

"The first, that the court excluded legal evidence for de-
fendant, and the second, that it admitted illegal evidence for
the state, point to no specific rulings, and consequently re-
quire no consideration of matters of evidence. It may be well,
however, to say that we have looked at the testimony cited in
the brief under this head and find that the points made are
without merit. In one instance there was no ruling by the
court; as to conversations in another county prior to the pro-
curement of the money, they were competent as leading up
to the actual consummation of the transaction, and state-
ments afterwards by defendant were competent as admissions
by him. The statement by defendant at a later stockholders'
meeting is in this category.

"The motion to direct acquittal at the close of the state's case was rightly denied, as there was evidence for the jury of representations, charged in the indictment, inducing the payment by Blatchley, their falsity and defendant's knowledge thereof.

"A witness was permitted to testify that certain statements on a typewritten paper as to the amount of stock outstanding, &c., were read in defendant's presence. This was properly admitted under the well-settled rule about statements made in presence of a party and which he fails to controvert at the time.

"The variance in date of the check (cause No. 7) was immaterial.

"The remainder of the brief (there was no oral argument) is for the most part a restatement of causes for reversal without discussion.

"Under cause No. 8 defendant attacks an instruction that the jury were to ascertain whether the pretences made were calculated to deceive a person of ordinary prudence. This was too favorable to defendant. The indictment will lie even if they would not have deceived such a person. *Oxx* v. *State,* 59 *N. J. L.* 99.

"The point made under cause No. 9 is that the court failed to add to the charge on insolvency a certain comment on the evidence. No such comment was requested, nor if requested, would the court have been required to make it.

"Cause No. 10 is merely stated and not argued. We see no merit in it.

"Causes 11, 12 and 13 are not pressed.

"Under causes 14, 15 and 16 the argument is that the state was bound to prove all the false pretences alleged and if there was reasonable doubt as to one of them there should have been an acquittal. This is contrary to the accepted rule. 2 *Bish. New Cr. L.,* § 418 and cases; 2 *Bish. New Cr. Pro.,* § 171; 19 *Cyc.* 439, note 82; *State* v. *Vanderbilt,* 27 *N. J. L.* 328, 337, last paragraph of the opinion.

"Specifications 17 and 18 are not pressed. No. 18 is also general in character, that the charge 'was in divers other particulars erroneous and inadequate." This of course points to nothing.

"Similarly, No. 19 is that 'the court failed to charge the court (jury?) properly upon the questions of evidence of good character.'

"No. 20, a refusal to charge that if the statements were mere expressions of opinion, the jury should acquit, was covered in the main charge.

"No. 21, and last, is a refusal to charge a request that would have required the jury, in order to convict, to find beyond a reasonable doubt that all the statements charged were made and relied on. This, as we have just seen, is erroneous. It is sufficient to prove enough of the false pretences laid to show an offence, though the rest are not proved. 2 *Bish. New Cr. Pro., supra.*

"The judgment will be affirmed."

For the plaintiff in error, *Robert Peacock.*

For the defendant in error, *Charles F. Sexton.*

PER CURIAM.

The judgment under review will be affirmed, for the reasons set forth in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 10.

*For reversal*—None.