State v. Samaha.                    *93 N. J. L.*

*For affirmance—*The Chancellor, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson, JJ.   12.

*For reversal—*None.

---

THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ABRAHAM SAMAHA, PLAINTIFF IN ERROR.

Submitted July 7, 1919—Decided November 17, 1919.

1. When a record in a criminal case is returned to the appellate court from the court of first instance, with a certificate that the court "certifies to the justices the record and proceedings whereof mention in the writ is made, with all things touching the same," that is a formal return under a writ of error, and is not an authentication of the record of the proceedings of the trial under section 136 of the Criminal Procedure act.
2. It is improper to characterize alleged error as "flagrant" or "manifest" error. Legal error is sufficient to overturn a judgment.
3. A party to an action has no right to have the court charge something which he deems to be important to be shown, unless it is legally essential, either for or against him.

---

On error to the Supreme Court, whose opinion is reported in 92 *N. J. L.* 125.

For the plaintiff in error, *Irving Paul Parsons* and *John J. Crandall.*

For the defendant in error, *Edmund C. Gaskill, Jr.*, prosecutor of the pleas.

Per Curiam.

This case comes up on error to the Supreme Court, which reviewed the conviction of the plaintiff in error in the At-

lantic County Quarter Sessions. The brief for plaintiff in error starts abruptly with stating assignments of error and proceeds to argue them. There is no abstract or statement of the case prefacing the brief. The rule of this court, taking effect at the November term, 1912, provides that the brief of the plaintiff in error, or appellant, shall contain in the order stated—(1) a concise abstract or statement of the case, presenting succinctly the questions involved in the manner in which they are raised. The brief does not comply with this requirement of the rule.

Strictly speaking, there are no assignments of error before us in this court. A paper was filed purporting to contain six such assignments. The first one states that the Supreme Court committed error in assuming that the case was prosecuted on a strict bill of exceptions instead of under section 136 of the Criminal Procedure act. This is no assignment of error; but, assuming it to be, it is invalid. The Supreme Court commenced its opinion with the assertion that the judgment of the court below was before the judges on a strict writ of error and bills of exception. That is true. In the return of the judge of the Atlantic Quarter Sessions to the writ of error out of the Supreme Court, which is brought up here, he certifies to the justices the record and proceedings whereof mention in the writ is made, with all things touching the same. This is the formal return upon a writ of error, and does not authenticate the record of the *proceedings had upon the trial,* which may be brought up under section 136. *State v. Clark,* 75 *N. J. L.* 473.

In several of the other purported assignments of error in this court the alleged errors are characterized, as in the second, "this is flagrant error," and in the third, "manifest error." Of course, this characterization is improper. Legal error alone would be sufficient to overturn the judgment, no matter how *flagrant* or *manifest* the error might be. Such characterizations have no place in proper pleadings.

The only proper assignment of error in this court would have been that the Supreme Court erred in giving judgment for the defendant in error instead of the plaintiff in error,

under which any errors before the Supreme Court, properly assigned, and brought to this court with the record, would be arguable and determinable here; or it could have been assigned in this court that the Supreme Court erred for one or more of the assignments of error filed in that court and brought up with the record. *State* v. *Verona, ante p.* 389.

The Supreme Court dealt properly with the assignments of error in that tribunal, and we affirm the judgment of that court upon its deliverance, with this exception. The defendant made a request to the trial court as follows:

"The court is asked to instruct the jury that it is important for the state to show that the bulletin in the indictment does not correspond with the text of the authority of the book that it was taken from. They have especially alleged that that is not like what the author authorized them to put in, and they have not introduced any evidence on that subject at all, therefore, I ask that the court will instruct the jury to that effect." (Instruction refused and exception sealed.)

This alleged error is made the ground of the fourth assignment of error in the Supreme Court. That court dealt with the subject in its opinion in these words:

"Nor does it appear that the defendant sustained any harm from the refusal of the court to tell the jury 'that it was important for the state to show that the bulletin in the indictment does not correspond with the text of the authority of the book it was taken from,' in the face of the admission of counsel that it did not correspond with the text of the book he had in his possession, and the testimony on part of the state that Professor Kunz never wrote any book on mineralogy."

Certainly, the defendant was not harmed in the refusal to charge the request, and that for the reasons stated by the Supreme Court; but, there is another and a paramount reason why the instruction should not have been given, and it is this: A party to an action has no right to have the court charge something which he conceives to be *important* to be shown. He has no right to have the particular matter charged unless it is *legally essential* either for or against him.

A matter may be *important* in the judgment of the party without being legally essential.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.