13 N.J. Super. 99 (1951)
80 A.2d 213
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES R. LAMOREAUX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 9, 1951.
Decided April 18, 1951.
*101 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*102 Mr. Walter S. Keown argued the cause for appellant.
Mr. Benjamin Asbell argued the cause for respondent (Mr. Mitchell H. Cohen, attorney).
The opinion of the court was delivered by WILLIAM J. BRENNAN, JR., J.A.D.
The defendant, Lamoreaux, a house builder, seeks by this appeal to reverse his conviction in the Camden County Court upon an indictment charging him with having obtained $1,100 from one Sabo by false pretenses, contrary to R.S. 2:134-1.
Two of the rulings of the trial court present errors which make it plain that the judgment cannot stand.
In the first place, the State's proofs were insufficient to negative any of the pretenses charged in the indictment, and the trial court, upon Lamoreaux's request at the close of the State's case, ought to have granted his motion for a judgment of acquittal.
The indictment charged that Lamoreaux knowingly and designedly did falsely pretend to Sabo on different days between November 26, 1949 and January 28, 1950, that he would immediately commence construction of a house for Sabo on a certain lot and that he had sufficient finances, materials and labor available to do so.
False pretense has been familiar since 30 Geo. II, c. 24 from which our statute was largely drawn. The statute makes indictable certain frauds upon individuals which were not indictable by the common law. A false pretense under the statute is such a designed misrepresentation of an existing fact or condition as induces the party to whom it is made to part with his property. It must not be promissory in character but must be a representation of something which at the time is untrue. State v. Tomlin, 29 N.J.L. 13 (Sup. Ct. 1860); 2 Wharton, Crim. Law (12th ed. 1932), p. 1699. The statute has a broad reach, but it is intended to punish a crime and is not to be used as a means of enforcing civil liability. Its range is not so wide as to embrace every representation *103 which has heretofore been understood as only creating civil liability. Cf. Robinson v. State, 53 N.J.L. 41 (Sup. Ct. 1890). A misstatement of the state of one's mind is a misstatement of fact upon which an action in fraud and deceit may be predicated (Roberts v. James, 83 N.J.L. 492 (E. & A. 1912)), but by virtually unanimous authority it is not a false pretense exposing one to criminal prosecution under 30 Geo. II, c. 24, and its American counterparts. See English and American cases collected in Wharton, supra, p. 1732. The alleged wilfully false representation charged to Lamoreaux in this indictment, that he "would immediately commence construction," therefore does not charge a crime.
The allegation that he knowingly misrepresented that he had sufficient finances, materials and labor to build the house does, however, charge designed misrepresentation of existing facts or conditions and allege the crime of false pretense under the statute.
The State was not bound to prove that each of the pretended facts as to finances, materials and labor was untrue. If a single false pretense coming within the statute is proved and appears to have been operative in inducing the defrauded party to part with his money, it is immaterial that other false pretenses laid in the indictment are not proved. State v. Haines, 92 N.J.L. 642 (E. & A. 1918); Cunningham v. State, 61 N.J.L. 666 (E. & A. 1898); State v. Appleby, 63 N.J.L. 526 (Sup. Ct. 1899). The critical inquiry, then, is whether the State's proofs sustained the State's burden to show that Lamoreaux in fact lacked finances, materials or labor at the times he represented he had them.
The negative may be proved circumstantially and inferentially, but the evidence must point to a strong probability of the falsity of the pretense. Wharton, supra, p. 1724. Here the only evidence on the part of the State to negative the pretenses charged was the testimony of Sabo and his wife that after they paid Lamoreaux in reliance upon his representations, he did not build the house. That Lamoreaux did not begin the work is plainly not of itself evidence which *104 points to a strong probability that he had no finances or materials or labor at the times he is charged with falsely pretending that he had. See State v. Riley, 65 N.J.L. 624 (E. & A. 1901); cf. State v. Bennett, 5 N.J. Misc. 318 (Sup. Ct. 1927), affirmed 104 N.J.L. 186 (E. & A. 1927).
Secondly, in the absence of sufficient evidence to sustain the burden of proving the negative, it was error to admit the testimony of other persons that Lamoreaux prior to his transactions with Sabo obtained money from such other persons upon representations identical in character with those made by him to Sabo and that he failed in each case to build the house he promised. That testimony was offered by the State solely for the purpose of showing criminal intent. Proof of other acts from which the intent may be gathered is competent if part of a system with the act on trial, but is incompetent where, as here, the act is not conceded and there is insufficient evidence from which the jury may find the act to have been done. State v. Rogers, 8 N.J. Super. 64 (App. Div. 1950). The State had the burden first to prove every element necessary to constitute the crime laid in the indictment, and the evidence offered as relevant to the question of intent was not competent until the State had made out a prima facie case of guilt of the crime charged. MacEwen v. State, 71 A.2d 464 (Ct. Appeals, Md., 1950).
There are other points in appellant's brief which direct our attention to what appear to be fatal errors, particularly those bearing on the restrictions imposed upon counsel's cross-examination of the State's witnesses, but it is not deemed necessary to discuss them.
Reversed.