153 N.J. Super. 428 (1977)
379 A.2d 1292
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANGELO R. FRANCO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 11, 1977.
Decided November 3, 1977.
*430 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Alan I. Smith, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Peter N. Gilbreth, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant appeals from his convictions for attempting to obtain and obtaining money by false pretenses, in violation of N.J.S.A. 2A:111-1, for which he was sentenced to State Prison for one to two years and fined $500.
According to the State's proofs, the Office of Weights and Measures in the Division of Consumer Affairs, New Jersey Department of Law and Public Safety (Division), investigated *431 a complaint involving Colonial Fuel Oil Company (Colonial). Agents from the Division rented a building adjacent to a 1,000-gallon oil storage tank. The capacity of the tank was calibrated by the agents. They filled the tank with heating oil and removed exactly 510 gallons of the oil. Then they placed an order for heating oil with Colonial, and on the same day a Colonial truck driven by defendant arrived at the building to make the delivery. Defendant also had an ownership interest in Colonial.
Inspector Keller met defendant and asked him to fill the tank, directing him to the location of the tank's intake. Defendant proceeded to make the delivery while Keller and other agents from the Division watched from various locations in and around the building. During the delivery process a change in the pitch of the sound of the truck's oil pump was detected. This change in pitch normally signalled the end of delivery. Agent Neri walked over to the truck and observed that the meter was just turning to the 543-gallon mark, and that the pump was still working, indicating that delivery was still being made. It became evident that defendant was going to make "a short delivery" because the tank could only hold an additional 510 gallons.
When the delivery procedure was finally completed, defendant informed Keller that he had delivered 798 gallons of oil and asked for $286.50 in payment. Keller paid defendant in cash and defendant gave him (Keller) a metered delivery ticket marked "paid". Defendant entered the cab of his truck and was immediately arrested. Thereafter the agents measured the tank and found that defendant had delivered only 498 gallons of oil and not the 798 gallons claimed.
Defendant first contends that the trial judge erred in denying his motions for judgment of acquittal for failure to prove that the Division's agents paid the money in reliance upon defendant's fraudulent misrepresentation as to the quantity of the oil delivered. Defendant argued that the Division's agents knew that there had been a short delivery *432 of oil prior to making payment. Thus, there was no reliance upon his misrepresentation and he could not be found guilty of obtaining money by false pretenses in violation of N.J.S.A. 2A:111-1.
N.J.S.A. 2A:111-1, in pertinent part, provides:
Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money, * * * by means of false promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor.
An essential element of the crime of false pretenses is reliance by the victim upon the fraudulent misrepresentation or statement of the defendant. State v. Lemken, 136 N.J. Super. 310, 318 (App. Div. 1974), aff'd 68 N.J. 348 (1975); State v. Thyfault, 121 N.J. Super. 487, 503 (Cty. Ct. 1972), aff'd o.b. 126 N.J. Super. 459 (App. Div. 1974); State v. Zwillman, 112 N.J. Super. 6, 12 (App. Div. 1970); State v. Allen, 100 N.J. Super. 407, 409-10 (App. Div. 1968), rev'd on other grounds 53 N.J. 250 (1969); State v. Kaufman, 31 N.J. Super. 225, 229 (App. Div. 1954), mod. on other grounds 18 N.J. 75 (1955). The extent of reliance need not be great, sole or exclusive. However, it must be shown that the fraudulent misrepresentation or statement induced the victim to part with his money in order to sustain a conviction under N.J.S.A. 2A:111-1. See State v. Zwillman, supra; State v. Lamoreaux, 13 N.J. Super. 99, 103 (App. Div. 1951).
Here, it is evident from the circumstances underlying the sale and delivery of the oil that the agents of the Division were not induced to part with the Division's money by any representation or statement defendant made as to the quantity of the oil he delivered. Inspector Keller conceded he knew before payment was made that the amount of the oil claimed to be delivered exceeded the remaining capacity of the tank. Consequently the State's proofs failed to establish the requisite reliance, and defendant could not be found guilty beyond a reasonable doubt of the substantive *433 crime of obtaining money by false pretenses. The trial judge should have granted defendant's motion for acquittal on the substantive crime at the conclusion of the State's case.
However, despite the State's failure to prove all the essential elements of the substantive crime, the proofs were sufficient for the jury to find defendant guilty beyond a reasonable doubt of attempting to obtain money by false pretenses. N.J.S.A. 2A:85-5 and N.J.S.A. 2A:111-1. Accordingly, the trial judge properly denied defendant's motion for acquittal on the attempt charge.
We find no merit in defendant's contention that the trial judge erred in charging the jury on the law of attempt because defendant could not be found guilty of both the substantive crime of obtaining money by false pretenses and of attempting to commit the crime. It is the rule in New Jersey that a person charged with a crime may be convicted of an attempt to commit that crime. State v. Mathis, 47 N.J. 455, 463 (1966); State v. McCoy, 114 N.J. Super. 479, 482 (App. Div. 1971). Here, defendant could not be found guilty of obtaining money by false pretenses because the agent of the Division did not rely upon defendant's representation in making payment to him. Defendant, however, intended to commit the crime and there is no sound reason why his attempt to do so should not lead to punishment. The trial judge properly submitted the attempt charge to the jury.
Finally, there is no merit in the claim that the trial judge erred in denying his motion for a mistrial on the basis of the prosecutor's allegedly improper comments during summation. We are satisfied that the prosecutor did not go beyond the bounds of proper summation. Beyond this, in view of the overwhelming evidence of defendant's guilt, the "error" alleged did not reach dimensions "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336 (1971).
*434 Accordingly, the conviction for obtaining money by false pretenses is reversed and the sentence imposed thereon vacated. The conviction for attempting to obtain money by false pretenses is affirmed and the matter is remanded to the trial court for re-sentencing.