154 N.J. Super. 564 (1977)
382 A.2d 58
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BERNARD L. GREENBERG, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 6, 1977.
Decided December 27, 1977.
*565 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for appellant (Mr. William F. Bolan, Jr., Deputy Attorney General, of counsel and on the brief).
Mr. Paul J. Feldman, attorney for respondent.
PER CURIAM.
Defendant was convicted by a jury of obtaining money by false pretense. N.J.S.A. 2A:111-1. On his motion a judgment of acquittal notwithstanding the verdict was entered by the trial judge pursuant to R. 3:18-2 and the State appeals.
Defendant is an attorney at law. The evidence showed that he obtained the sum of $200 from Lawrence O'Toole, a client, on the pretext that it was for the purpose of corruptly influencing an unidentified public official to vacate a term of imprisonment which O'Toole had been sentenced to serve. The money, however, had been furnished O'Toole by law enforcement officials to whom he had earlier reported the *566 proposed transaction. When he handed it to defendant in the latter's office, the incriminating conversation was recorded and transmitted to waiting state troopers by wiring devices being worn by O'Toole. Immediately after his departure from defendant's office the police entered and recovered the currency, which was identified by serial number, from defendant's person. The falsity of the representation is admitted.
In granting defendant's motion for a judgment of acquittal the trial judge gave as his reasons: (1) O'Toole was not the owner of the monies with which he parted and (2) the money was not paid in reliance upon the defendant's representation.
That the person defrauded be the actual owner of the money parted with is not an essential element of the crime of obtaining money by false pretense. "It is sufficient if he had lawful possession and dominion of the same." State v. Samaha, 92 N.J.L. 125, 126 (Sup. Ct. 1918), aff'd 93 N.J.L. 482 (E. & A. 1919). We agree however, with the trial judge's conclusion that the State's evidence failed to prove reliance, and was therefore lacking in an essential element of the offense. State v. Lemken, 136 N.J. Super. 310, 318 (App. Div. 1974), aff'd 68 N.J. 348 (1975); State v. Zwillman, 112 N.J. Super. 6, 12 (App. Div. 1970). The fact that O'Toole was acting in collaboration with police authorities compels the conclusion that he could not have believed that the money would be used for the pretended purpose. We note, further, that the trial judge's instructions omitted any reference to the requirement of reliance in the proof of this crime. See State v. Butler, 27 N.J. 560, 595 (1958). He therefore correctly concluded that the defendant's conviction was unwarranted in the form in which it had been entered.
Although the judgment of conviction was properly vacated, we find that there was error in denying the State's application to mold the verdict and enter a judgment of conviction for the crime of attempting to obtain money by *567 false pretense. "An attempt to commit a crime is an act done with intent to commit it beyond mere preparation but falling short of its actual commission." State v. O'Leary, 31 N.J. Super. 411, 417 (App. Div. 1954). See also, State v. Thyfault, 121 N.J. Super. 487, 504 (Cty. Ct. 1972), aff'd o.b. 126 N.J. Super. 459 (App. Div. 1974).
In State v. Thyfault, supra, Judge (now Justice) Handler held that a defendant who abandoned her plan to obtain money by false pretense because of the victim's protests was nevertheless guilty of an attempt to commit the crime where she had made knowingly false representations to induce payment. And it is said that the overwhelming weight of authority in this country and in England is to the effect that in a prosecution for attempted false pretense it is not necessary that the defendant's intended victim be deceived by the falsity of the representation made. People v. Camodeca, 52 Cal.2d 142, 338 P.2d 903, 906 (Sup. Ct. 1959); Annotation, "Attempts to Commit Offenses of Larceny by Trick, Confidence Game, False Pretenses, and the Like", 6 A.L.R.3d 241, 258 (1966). The New Jersey courts appear to align with the majority view. State v. Franco, 153 N.J. Super. 428 (App. Div. 1977).
In State v. Hauser, 147 N.J. Super. 221 (App. Div. 1977), after defendants had been convicted of breaking and entering or entering without breaking with intent to steal narcotics, in violation of N.J.S.A. 2A:119-8.1(c), the trial judge entered judgments of acquittal notwithstanding the verdict because there was no evidence of intent to steal narcotics. On review, the Appellate Division held that defendants were nevertheless guilty of breaking and entering or entering without breaking with intent to steal, in violation of N.J.S.A. 2A:94-1, and directed the entry of judgments of conviction thereunder. Id. at 228-29. Its action was rested upon its power to enter a judgment of conviction for a lesser included offense where the jury verdict necessarily constitutes a finding that all the elements of the lesser included offense have been established and where no prejudice to the defendant *568 results. It was made clear that this rule applies even where the jury was not instructed on the lesser included offense so long as defendant has received his day in court and all the elements of the lesser offense are contained within the greater. And see State v. Saulnier, 63 N.J. 199, 205-207 (1973).
The fact that defendant could not have completed the crime because, unknown to him, O'Toole was not relying upon his false representation, is no defense to a charge of attempting to obtain money by false pretense. This is the principle applied in State v. Moretti, 52 N.J. 182, 190 (1968), where a conviction for conspiracy to commit an abortion was affirmed even though, unknown to defendants, the woman was not pregnant and was in fact a law enforcement agent.
The order under review will be modified to provide for the entry of a judgment of conviction for the crime of attempted obtaining money by false pretense, in violation of N.J.S.A. 2A:111-1 and N.J.S.A. 2A:85-5. As modified it is affirmed and the cause remanded for sentencing.