244 N.J. Super. 622 (1990)
583 A.2d 372
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARVIN T. MANN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 31, 1990.
Decided November 27, 1990.
*623 Before Judges GAULKIN, HAVEY and SKILLMAN.
*624 Edward P. Hannigan, Deputy Public Defender II, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney).
James E. Jones, Jr., Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney).
The opinion of the court was delivered by GAULKIN, P.J.A.D.
Defendant was found guilty by a jury of third-degree theft by deception (Count One, N.J.S.A. 2C:20-4), fourth-degree receipt of a stolen credit card (Count Two, N.J.S.A. 2C:21-6c(1) and (2)) and fourth-degree uttering a forged credit card (Count Three, N.J.S.A. 2C:21-1a(2) and (3)). At sentencing the trial judge imposed a five-year custodial term with two years of parole ineligibility on Count One, into which the Count Three conviction was merged, and a concurrent 18-month sentence on Count Two. On this appeal from the judgment, defendant urges:
POINT I.
The trial court erred in failing to grant defendant's motion for a judgment of acquittal of theft by deception in the third-degree.
POINT II.
The trial judge's supplemental instruction to the jury defining theft by deception was inadequate and, in context, misleading, requiring the reversal of the conviction of that offense. (Not raised below).
POINT III.
The trial court committed reversible error in failing to instruct the jury that in order to aggregate the amounts involved in the three thefts it would have to determine that the existence of one scheme or course of conduct underlying the thefts was an essential element of third-degree theft and consequently a fact to be proven beyond a reasonable doubt. (Not raised below).
POINT IV.
The parole ineligibility term is not supported in the record nor in accord with the sentencing guidelines of the Code and should be vacated.
The facts are undisputed. Defendant sought to purchase a television set at a Sears store, presenting a Sears credit card issued to one Michael Johnson. Suspecting that defendant was *625 not Johnson, the sales clerk called a store security officer, Jeffrey Van Wieren, who tried to reach Michael Johnson by telephone. He was unable to do so and accordingly told the clerk to consummate the sale. Defendant signed the $229.99 charge slip and took the television set.
Some three hours later, the same sales clerk called Van Wieren to report that the buyer of the television set had returned and was attempting to buy a $318 video cassette recorder (VCR) with the Michael Johnson credit card. This time Van Wieren was successful in reaching Johnson, who apparently said that he had never received his credit card from Sears and had not authorized anyone to use it. Van Wieren nevertheless told the sales clerk "to allow the sale to go through." His reason was that "I would prefer to apprehend the person at merchandise pick-up as opposed to apprehending him in the store." Van Wieren stopped defendant outside the store after the "purchase" was consummated, seized the VCR and recovered from defendant's car the previously-purchased television set and two Sears dress shirts and a wallet, together with a receipt indicating that those items also had been purchased for $39 on the same day with the Johnson credit card.
Although the State's proofs thus showed three distinct transactions, each involving goods having a value of less than $500, defendant was charged with a single count of third-degree theft by deception of "assorted merchandise, value in excess of $500.00." See N.J.S.A. 2C:20-2b(2)(a). The State thus sought to aggregate the amounts involved in the three transactions as authorized by N.J.S.A. 2C:20-2b(4):
Amounts involved in thefts committed pursuant to one scheme or course of conduct, whether from the same person or several persons, may be aggregated in determining the grade of the offense.
See, generally, State v. Childs, 242 N.J. Super. 121, 131-133, 576 A.2d 42 (App.Div. 1990).
*626 At the close of the State's case, defense counsel moved for a judgment of acquittal as to the theft count, arguing that the "sale" of the VCR was not induced by any "false impression," since Van Wieren concededly knew "the whole situation." The trial judge rejected that argument
for the reasons that by statute a defendant can reenforce a false impression, and the mere fact that a store security guard may have reason to believe or believes that a credit card is not valid and allows the purchase to be consummated, does not preclude or cannot benefit a defendant who consummates an illegal act.
In his subsequent jury charge, the judge drew no distinctions among the three transactions. He instructed the jury that "[t]he State must prove that the defendant purposely obtained ... property by deception," that "[a] person deceives if he purposely fails to correct a false impression which he originally created" and that "[t]he State must prove that the victim relied upon the deception which caused him to part with his property." With respect to its determination of "the degree of the crime," he instructed the jury that "[i]f you find that the amount involved were [sic] taken in thefts committed according to one scheme or course of conduct, the amounts may be added together to form a single total amount." The jury found defendant guilty of theft by deception "over $500."

I.
We agree with defendant that the proofs did not establish a theft of the VCR. Defendant was charged under N.J.S.A. 2C:20-4, which declares that "[a] person is guilty of theft if he purposely obtains property of another by deception." Defendant unquestionably attempted to deceive the sales clerk, but the clerk learned of the deception before making the "sale." Defendant thus did not obtain the VCR "by deception," for the sales clerk was not deceived: she permitted defendant to consummate the transaction solely to set the stage for defendant's apprehension outside the store.
Although no reported case has considered whether N.J.S.A. 2C:20-4 requires proof of reliance, our cases consistently held *627 that the prior statute, N.J.S.A. 2A:111-1[1], did require such a showing. See, e.g., State v. Greenberg, 154 N.J. Super. 564, 566, 382 A.2d 58 (App.Div. 1977); State v. Franco, 153 N.J. Super. 428, 432, 379 A.2d 1292 (App.Div. 1977); State v. Lemken, 136 N.J. Super. 310, 318, 346 A.2d 92 (App.Div. 1975), aff'd 68 N.J. 348, 346 A.2d 65 (1975); State v. Thyfault, 121 N.J. Super. 487, 503, 297 A.2d 873 (Cty.Ct. 1972); State v. Zwillman, 112 N.J. Super. 6, 12, 270 A.2d 284 (App.Div. 1970); State v. Allen, 100 N.J. Super. 407, 410, 414, 417, 418, 242 A.2d 42 (App.Div. 1968), rev'd on other grounds, 53 N.J. 250, 250 A.2d 12 (1969); State v. Lamoreaux, 13 N.J. Super. 99, 103, 80 A.2d 213 (App. Div. 1951); Cunningham v. State, 61 N.J.L. 666, 669, 40 A. 696 (E. & A. 1898).[2]
Those authorities are equally applicable and persuasive in interpreting the essentially similar language of N.J.S.A. 2C:20-4. We reject the State's argument that "the crime of theft involves proof of condition or state of mind of the accused, not the victim or agents of the victim." Reliance is not required as proof of the victim's state of mind but as proof that a theft in fact occurred: if the victim did not turn over property in reliance on any deception, then defendant cannot be said to have obtained the property "by deception."

II.
The State urges, and defendant does not dispute, that the record justifies a finding of attempted theft by deception of *628 the VCR. See N.J.S.A. 2C:5-1. The jury finding of theft thus could appropriately be molded to a finding of the lesser-included attempt. See N.J.S.A. 2C:1-8d(2); cf. Greenberg, supra, 154 N.J. Super. at 566-568, 382 A.2d 58. See also State v. Alexander, 215 N.J. Super. 523, 531, 522 A.2d 464 (App.Div. 1987). Defendant argues, however, that such a molding cannot sustain the third-degree theft conviction. First, defendant urges that N.J.S.A. 2C:20-2b(4) allows only for the aggregation of "[a]mounts involved in thefts," not amounts involved in attempted thefts. Second, he contends that, even if amounts involved in attempted and completed thefts can be aggregated, the jury might not have aggregated the three transactions if it had recognized that the VCR theft was unconsummated.
We are persuaded that N.J.S.A. 2C:20-2b(4) permits aggregation of amounts involved in both thefts and attempted thefts for purposes of grading the crime. The attempt is a lesser-included offense which need not be separately charged in the indictment. See State v. LeFurge, 101 N.J. 404, 414, 502 A.2d 35 (1986); State v. Mangrella, 214 N.J. Super. 437, 519 A.2d 926 (App.Div. 1986). Every attempted theft is graded as an offense of the same degree as the completed theft. N.J.S.A. 2C:5-4a; N.J.S.A. 2C:20-2. Attempted thefts are accordingly punished as severely as the thefts attempted. Cf. State v. McCoy, 222 N.J. Super. 626, 630, 537 A.2d 787 (App.Div. 1988), aff'd 116 N.J. 293, 561 A.2d 582 (1989). In short, attempted and completed thefts are legislatively and judicially treated as substantially equivalent in nature and seriousness. The Legislature has declared that a series of theft offenses committed pursuant to "one scheme or course of conduct" calls for enhanced punishment; we find no reason of logic or policy to conclude that attempted thefts should be treated any differently than completed thefts in evaluating the seriousness of the overall course of conduct.
While the amounts of thefts and attempted thefts can thus be aggregated under N.J.S.A. 2C:20-2b(4), "a jury in a *629 criminal case must be appropriately instructed on the theory of liability that is advanced in support of a criminal conviction; absent such instruction, a conviction cannot stand." State v. Schmidt, 110 N.J. 258, 261, 540 A.2d 1256 (1988). The jury here was not instructed as to attempted theft. The jury's aggregation of values was based on its erroneous finding that all three transactions were completed thefts; that aggregation cannot be sustained on a theory never presented to the jury. While it is possible to spin an argument that the jury's aggregation was not dependent on the finding of three completed thefts, "there is simply no substitute for a jury verdict of guilt." See id. at 266, n. 1, 540 A.2d 1256. The third-degree theft conviction thus cannot stand.
The remaining issues raised on the appeal are clearly without merit. R. 2:11-3(e)(2). We reverse the third-degree theft conviction under Count One and remand the matter to the Law Division for a new trial as to that count only, unless the State elects to request entry of judgment and resentencing on Count One as a fourth-degree offense, i.e., for theft of the television set, wallet and shirts having an undisputed aggregate value of $268.99. Cf. Alexander, supra, 215 N.J. Super. at 531, 522 A.2d 464. In all other respects, the judgment is affirmed.
Affirmed in part, reversed in part and remanded to the Law Division for proceedings in accordance with this opinion.
NOTES
[1] N.J.S.A. 2A:111-1 (repealed) provided:

Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money, property, security, gain, benefit, advantage or other thing of value by means of false promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor.
[2] The Final Report of the New Jersey Criminal Law Revision Commission (1971) says that the pre-Code law was that "`reliance' [is] not required in New Jersey." Final Report, Vol. II, Commentary § 2C:20-4 at 223. That statement is erroneous.