## JOHN M. ROBINSON v. THE STATE.

The signature of an instrument which cannot, under any circumstances, affect the signer, if he proves that it was obtained by false pretences, is not a "valuable thing" within the meaning of section 171 of the Crimes act, which makes it a misdemeanor to obtain, by false pretences, money, wares, merchandise, goods or chattels, or other valuable thing.

On error to the Burlington County Quarter Sessions.

Argued at June Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff in error, *Gilbert & Atkinson.*

For the state, *E. P. Budd, Prosecutor of the Pleas.*

The opinion of the court was delivered by

DIXON, J.   At the December Term, 1889, of the Burlington Quarter Sessions, the plaintiff in error was convicted upon an indictment, the first count of which charged him with attempting to obtain, and the second count with obtaining, by false pretences, the signature of a certain person to an instrument of the tenor hereinafter set forth, with intent to cheat and defraud such person.   The instrument is as follows:

" This order is negotiable.   Read carefully before signing, as no verbal understanding will be considered in settlement of goods herein ordered.

"*New York Haying Tool and Pump Company of New York City, N. Y.*—Deliver to me, at Jobstown station, seven double harpoon hay forks and carriers, together with track fixtures for all machines, which I will retail at forty dollars each when a sale is made by me.   I further agree to pay you thirty-seven dollars and fifty cents for each machine, on demand.   It is understood further orders by me are to be filled for twenty-five dollars each machine, payment for the machines to be made to

you or your collector; if not, I agree that it may be collected at my expense at any place convenient for the company. In consideration of this agreement, I am to have one machine, with track fixtures for putting up machines, free of charge and to be my property. Date Nov. 25, 1889. P. O. Jobstown, township of Springfield, county of Burlington. New York Haying Tool and Pump Co."

The first question now to be decided is, whether the act charged is criminal.

The allegations of the indictment are plainly not sufficient to make out an offence at common law, nor do they come within section 172 of our Crimes act (*Rev.*, *p.* 257), which deals with false pretences relating to *valuable securities;* but the indictment was evidently framed under section 171 of that act, which renders it a misdemeanor to obtain by false pretences money, wares, merchandise, goods or chattels, or other valuable thing, with intent to cheat or defraud.

The signature of such an instrument as that before us is certainly not covered by the terms "money, wares, merchandise, goods or chattels," and the only question is, whether it is a *valuable thing*, within the meaning of that statute.

The law was first enacted as section 44 of the Crimes act, passed March 13th, 1796 (*Pat. L.*, *p.* 208), and, so far as I have discovered, the phrase "valuable thing" was then first employed in statutes for the punishment of false pretences. Afterwards it appears in 52 Geo. III., ch. 64 (but soon was dropped by 7 and 8 Geo. IV., ch. 29), and in the statutes of New York, Pennsylvania, Missouri and other states.

Under the strict rule for the interpretation of penal statutes, the collocation of this phrase with words descriptive of only tangible personal property might seem to indicate a legislative design to limit its application to things of like nature; but in *State* v. *Vanderbilt*, 3 *Dutcher* 328, and in *State* v. *Tomlin*, 5 *Id.* 13, this court declared it to be true policy neither to restrain the interpretation of the statute within too narrow limits nor to explain it away to the encouragement of fraud. Accord-

ingly, in *State* v. *Thatcher*, 6 *Vroom* 445, it was decided that to obtain by false pretences the signature of a person to commercial paper, which, on its being passed to a *bona fide* holder for value, would render the signer legally liable for the amount thereof, was within the statute, the court deeming the language of the act "broad enough to comprehend the maker's own negotiable note or contract of suretyship, by which a piece of paper, before worthless, is stamped with an exchangeable value."

The instrument now under consideration, however, lies outside of the boundaries thus indicated. Although on its face it is declared to be negotiable, yet in law it is not negotiable in the sense that the signer's obligation can be increased by its transfer. Into whosesoever hands it might go, proof of the false pretences charged in the indictment would establish its absolute worthlessness. In truth, it had no value; it could be thought valuable only if used as a piece of evidence, without disclosure of the circumstances from which it sprang. Its sole effect would be to show *prima facie* that the signer had assumed the liabilities stated in it, and to place upon him the burden of disproving such an obligation. The same effect might follow, if one were induced by fraud to make an oral promise; proof of the promise would hold him till proof of the fraud was produced.

There is no case in this state deciding whether the signature of an instrument, which under any circumstances can be used merely as *prima facie* evidence against the signer, is a *valuable thing* within the meaning of the act; nor have I found any English case; but the decisions and *dicta* in sister states seem uniformly to incline against such latitude of construction.

In *People* v. *Galloway*, 17 *Wend.* 540, the signature of a married woman to a deed for the conveyance of her lands was deemed not "the signature of a written instrument" within the New York statute, because such a signature without acknowledgment was worthless. This decision may have been based upon the fact that the coverture of the signer appeared upon the face of the deed, although the language of the court

does not necessitate such an inference. Of like purport is *State* v. *Clay* (Mo.), 13 *S. W. Rep.* 827, where a similar signature was adjudged not to be "a valuable thing" within the Missouri act against false pretences, and in this case the opinion of the court seems plainly applicable to instruments not disclosing on their face the ground of their invalidity. In *People* v. *Stone*, 9 *Wend.* 181, the Supreme Court of New York strongly intimated that even the signature or endorsement of a promissory note should not be considered a "valuable thing" under the New York statute, unless it had been actually used, and in *People* v. *Gates*, 13 *Id.* 311, the court said that an indictment charging the defendant with obtaining the signature of a note did not charge him with obtaining any valuable thing, but was good under the then recent addition to the statute extending it to the obtaining of a signature to a written instrument. In *People* v. *Thomas*, 3 *Hill* 169, the indictment charged that the defendant, holding the past due note of T., induced him, by false pretences that it was lost, to pay the amount thereof without its being surrendered. It was decided that these facts would not sustain a conviction; and yet the advantage secured by the defendant through his fraud was the payment of the debt with the retention of a writing which constituted *prima facie* evidence that T. was still indebted to him. In *People* v. *Loomis*, 4 *Denio* 380, the defendant was indicted for stealing from S. the latter's receipt for a debt owed by the defendant; but the court set aside a conviction, on the ground that the instrument was of no value to any person whatever; yet, of course, it would shift the burden of proof. Likewise, in *Moore* v. *Commonwealth*, 8 *Barr* 260, the Supreme Court of Pennsylvania adjudged that the signature of a receipt obtained by false pretences was not a "valuable thing" within the criminal law.

These cases, I think, indicate that this court has already gone as far as reasonable interpretation will warrant, in embracing within the phrase "valuable thing" the signature of instruments which can be so used as to become valid in law or in equity against the signer, notwithstanding proof of the

false pretences by which the signature was obtained ;. and that we should deny to the phrase a meaning broad enough to comprehend signatures which cannot, under any circumstances, affect the signer if he make proof of the facts which must be established to maintain a criminal prosecution. The wrong attempted by the false pretender is usually a mere private wrong, and, in the class of cases last above defined, the probability that it can be successfully perpetrated appears to be so slight as not to call for public prosecution and punishment, in the absence of a clear legislative provision to that effect.

Without, therefore, considering the other grounds relied on by the plaintiff in error, we think his conviction should be reversed, for the reason that the acts charged do not amount to a criminal offence.