STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
   NICHOLAS MATARAZZA AND NICHOLAS ARTESE.
   PLAINTIFFS IN ERROR.

Argued February 18, 1919—Decided June 18, 1919.

1. A writ of error will not lie in a criminal case until sentence has
   been pronounced.
2. The action of the trial judge upon a motion to quash an indict-
   ment is discretionary and will not be reviewed on strict writ of
   error.
3. When the facts set forth in an indictment clearly charge in sub-
   stance and effect the habitual sale of intoxicating liquors con-
   trary to law, it is valid under section 74 of the Criminal Pro-
   cedure act (*Comp. Stat.*, p. 1844), even though the word
   "habitual" is not employed therein.
4. A judgment upon a general verdict of guilty will not be reversed
   because of a bad count in an indictment where the indictment
   contains a good count, and the penalty imposed is authorized by
   law for conviction upon the good count.
5. The fact that an indictment for the habitual sale of intoxicating
   liquors contrary to law charged that the sales were made "with-
   out license for that purpose first had and obtained in the manner
   *prescribed by the statute* in that case made and provided," does
   not render it invalid, even though there is more than one statute
   by virtue of which a license to sell intoxicating liquors may be
   granted in the municipality where the sales in question were
   made.
6. The admission of illegal evidence will not avoid a judgment in a
   criminal case on error if it plainly appears that such evidence
   could not have injuriously affected the defendant on the merits
   of the case.

On writs of error to the Atlantic Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiffs in error, *Babcock & Champion.*

For the defendant in error, *Edmund C. Gaskill, Jr.,*
prosecutor of the pleas, and *Charles S. Moore.*

The opinion of the court was delivered by

TRENCHARD, J.   Three indictments are sent up with writs of error in these cases, each one of which is based on the sale of intoxicating liquor without a license.   One indictment is against Matarazza alone; another against Artese alone; and the third against the two jointly.   By consent they were tried and have been argued here together.

As to the conviction on the third indictment, it appears that no sentence has as yet been pronounced, and, consequently, there is nothing before us for review.

In the remaining cases error is assigned because the trial judge refused to grant a motion to quash; but the action of the trial judge upon a motion to quash an indictment is discretionary and will not be reviewed on strict writ of error. See cases collected in *State* v. *Riggs,* 92 *N. J. L.* 575.

The next ground upon which we are asked to reverse these convictions is that the indictments are void because of duplicity, the pith of the contention being that the various counts each charge separate sales to different individuals on different occasions.

It is not clear that the motion in arrest of judgment, under which this question is sought to be raised, is properly before us; but we will assume for the purposes of this decision that it is.   We further assume, without deciding, that the first three counts in the indictments under review are bad; but even so, the fourth count in each is good under section 74 of our Criminal Procedure act (*Comp. Stat., p.* 1844), prescribing the form of an indictment for the offence of maintaining a common law nuisance or keeping a disorderly house, where the offence sought to be punished consists wholly in the unlawful sale of spirituous, vinous, malt or brewed liquors.   It is true that the word "habitual" was not employed in this count, but it charged that the defendant in Atlantic City *on December 1st, 1915, and on divers other days and times between that day and November 1st, 1917,* in a certain designated house *unlawfully did sell* and knowingly permit to be sold to certain designated persons certain designated *vinous, spirituous and malt liquors* (the same not

being compounded and intended to be used as medicine) by less measure than a quart, *without license* for that purpose first had and obtained in the manner prescribed by the statute in that case made and provided, to the evil example of all others in like case offending, *contrary to the statute in such case made and provided*. We, therefore, think the facts set forth in this count clearly charge in substance and effect the habitual sale of intoxicating liquor contrary to law, and that it is valid. *State v. Reily,* 66 *N. J. L.* 399.

That being so, the presence of the bad counts will not result in reversal of the judgment upon the general verdict of guilty, because the rule is that such a judgment will not be reversed because of a bad count in the indictment where the indictment contains a good count, and the penalty imposed is (as here) authorized by law for conviction upon the good count. *State v. Mount,* 72 *N. J. L.* 365.

The fact that the indictments charged that the sales were made "without license for that purpose first had and obtained in the manner *prescribed by the statute* in that case made and provided," does not render them invalid even though there is more than one statute by virtue of which a license to sell intoxicating liquors may be granted in the municipality where the sales in question were made.

The last point is that the trial judge improperly admitted in evidence a card from the office of the Mercantile Appraiser, purporting to show that a mercantile license was granted to the defendant to conduct a boarding-house at the place where the intoxicating liquors were sold.

This evidence was offered by the state to show that the defendants conducted the place in question and was objected to as not competent for that purpose. We incline to think it was admissible; but if it was not, its admission will not avoid these judgments because it plainly appears that it could not have injuriously affected the defendants on the merits of the case, since the fact that the defendants conducted the place was otherwise conclusively established, and, indeed, was not disputed.

The foregoing observations, in effect, dispose of every question properly raised and argued.

The writ of error bringing up the indictment upon which no sentence was passed will be dismissed, and the judgments upon the two remaining indictments will be affirmed.