THE STATE, DEFENDANT IN ERROR, v. NICHOLAS MATA-
RAZZA AND NICHOLAS ARTESE, PLAINTIFFS IN
ERROR.

Argued November 20, 1919—Decided March 1, 1920.

A carbon manifold of a municipal license is competent evidence as a
record of the granting of such license and its existence, when it
appears that the system of keeping the record of all such licenses
was to preserve a similar manifold copy of each license issued
and file such copies together in the proper public office as the
official records thereof.

On error to the Supreme Court, whose opinion is reported
in 93 N. J. L. 47.

For the plaintiffs in error, *Babcock & Champion.*

For the state, *Edmund C. Gaskill, Jr.,* prosecutor of the
pleas.

PER CURIAM.

We conclude that the judgment under review should be
affirmed, and except as to points noticed below, are content to
adopt the opinion of the Supreme Court as satisfactorily ex-
pressing our view.

Respecting the point that the witness Serritella was allowed
over objection and exception to testify to sales on dates other
than those specified in the indictment, there are two answers
—*first,* that the date is not material when time is not of the
essence of the offence; *secondly,* the testimony was competent
as showing habitual sale of liquor contrary to law.

On the question of admitting the mercantile appraiser's
record as evidence, and the comment thereon in the charge,
we are unable to agree that this was harmless if erroneous, for
the keeping of the place was a controverted issue in the case,
and the evidence was not harmless because cumulative. *State
v. Murphy,* 87 *N. J. L.* 515; see *State v. Brand,* 76 *Id.* 267

(at p. 270). But the document admitted was competent. It was a carbon duplicate of a license issued to "Mattazza and Artisi" to conduct the "Presser House 25 Rooms" at the address where the liquor was sold. So far as the names do not correspond with those of the defendants, the doctrine of *idem sonans* is clearly applicable. It was objected that the card was "not a legal record." This objection is without merit. It is not claimed that the mercantile appraiser was not required in the course of his duty to issue the original license and to keep a record thereof; he so testified. Nor does it seem to be claimed that if the same facts had been written into a bound record book made up for the purpose, and the names of the defendants had been correctly spelled therein, such record would not be admissible. *Wigm.`Ev.*, § 1639; 17 *Cyc.* 306 *et seq.; State* v. *Van Winkle,* 25 *N. J. L.* 73, 76. There is no magic in a bound book and penmanship to make a record evidential. There is, perhaps, less liability to fraud or error, but that is all. Whether it be a book, or sheets of paper in a binder, or a box of cards on the card index system, and whether the entries be in pen and ink, or pencil, or typewritten, or (as in this case) carbon manifold, the product is a document, and if made up as a record it has that evidential quality, and is competent in cases where a record is admissible. Consequently, there was no error in admitting it, and necessarily none in commenting on it in the charge as evidential that defendants were proprietors of the place.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Parker, Bergen, Black, White, Heppenheimer, Williams, Taylor, Gardner, Ackerson, JJ. 10.

*For reversal*—None.