THE STATE v. MAY J. BENNETT.

Decided February 28, 1927.

**Crimes—False Pretenses—Indictment Charged That Defendant Obtained Money Upon Representation That She was Negotiating For the Purchase of a Business in Which the Person She Obtained the Money From was to Have an Interest—Proofs Supported Indictment—Evidence Not Improperly Admitted—Conviction Affirmed.**

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff in error, *Alexander Simpson.*

For the state, *John Milton,* prosecutor of the pleas.

PER CURIAM.

This case was submitted on briefs at the last May term of the court, but, through the oversight of the sergeant-at-arms, neither the state of the case nor the briefs were sent to the members of the court until just before the opening of the present January term.

The defendant was convicted upon an indictment which charged that she did willfully and unlawfully, falsely and fraudulently pretend to one Minnie Wharton that she, the said May J. Bennett, was about to purchase a certain restaurant and business known as the Village Kitchen, situate at No. 179 Varick street, in the city of New York; that she was then and there negotiating with the owners of said restaurant and business to purchase the same, and did represent to the said Minnie Wharton that, upon the payment of certain moneys by her to the said May J. Bennett, she (the latter) would take the said Minnie Wharton as a partner in said restaurant and business after she had purchased it; that

the defendant then and there well knew that she was not about to purchase the said restaurant and business; that she was not negotiating with the owners thereof for such purchase; that she did not intend to take the said Minnie Wharton in as a partner in the said business, and that, by color and means of the false pretenses and representations, she fraudulently obtained from the said Minnie Wharton the sum of $1,500, with intent to cheat and defraud her thereof.

The first ground upon which a reversal of the conviction is urged is that the proofs submitted on behalf of the state instead of supporting the charge laid in the indictment, demonstrate that the plaintiff in error and Minnie Wharton were engaged in a purely business transaction, honestly entered into by each of them, and which the plaintiff in error honestly sought to have carried out for their joint benefit; and that, consequently, the trial court should have granted the motion made on behalf of the defendant to direct a verdict in her favor because of the entire failure of proof supporting the charge laid against her. We are not able to concur in the view of the proofs suggested by counsel. Our examination of them satisfies us that Mrs. Wharton was led to believe that she was entering into a business transaction with the plaintiff in error by reason of the representations made to her by the latter, whereas, in fact, no such transaction was intended by the plaintiff in error, but was suggested merely for the purpose of fraudulently inducing Mrs. Wharton to part with her money. We conclude, therefore, that the motion to direct a verdict in favor of the defendant was properly denied.

It is next urged as a ground for reversal that the court improperly admitted evidence showing that the plaintiff in error had stated to Mrs. Wharton that she had deposited the sum of $800 as a part payment of the purchase price of the restaurant and business specified in the indictment, and would lose it unless she got $1,000 more in order to make good on her contract of purchase, when, in fact, she, under the proofs submitted by the state, she not only had not made any such deposit on account of such purchase price, but had never had any negotiations for the purchase of that restaurant and busi-

ness, either with the owners thereof or with anyone representing the latter. The contention of counsel is that the testimony should have been excluded because the falsity of the statement exhibited therein is not set forth in the indictment. It seems to us that this contention rests upon a failure to distinguish between the allegations of an indictment and the proofs offered in support thereof. The allegations of the present indictment is that the plaintiff in error falsely and fraudulently pretended that she was about to purchase the restaurant and business specifically set forth therein, and was in negotiation with the owners thereof for such purchase. The false statements made by the plaintiff in error to Mrs. Wharton with relation to the details of the alleged negotiations, and made for the purpose of inducing her to part with her money, were offered as proof of the truth of that allegation, and were properly admitted for that purpose.

The only other ground upon which a reversal of this conviction is sought is that the court erroneously (as it is contended) charged the jury that it could consider the evidence just discussed. What we have already said with relation to the competency of this testimony is dispositive of this contention.

For the reasons stated, the conviction under review will be affirmed.