The defendant-appellant was convicted on July 29, 1948, in the Hudson County Court of Special Sessions on an indictment charging the crime of obtaining money by false pretense in violation ofR.S. 2:134-1, which provides:
"Any person who, knowingly or designedly, by color of any false token, counterfeit letter or writing, or by any false pretense, shall obtain from any person any money, wares, merchandise, goods or chattels or other valuable thing, with intent to cheat or defraud any person of the same, shall be guilty of a misdemeanor."
Thereafter, appellant moved to arrest the judgment of conviction on the ground that the indictment failed to set forth the crime of false pretense pursuant to the statute. *Page 93 
The ground urged by appellant is "that the use of the words `to secure and obtain' in the representation alleged as to the pretense in the indictment are words relating to a future time and that the representation is promissory in character and that the indictment, therefore, is a nullity since the crime of false pretense can only be charged when the words or token constituting the pretense refer to a past existing fact and are not promissory in character," citing State v. Vanderbilt, 27 N.J.L. 328
(Sup. Ct. 1859); State v. Tomlin, 29 Id. 13 (Sup. Ct.,
1860).
The indictment, in the instant case, charges that defendant obtained money from Steve Mikorski by false pretense, the misrepresentation being that the appellant had influence and ability to secure "the discharge and dismissal of certain charges then and there pending before the Board of Commissioners of the City of Hoboken," which representation appellant knew to be false and that he did not possess such power and influence, and that appellant unlawfully and fraudulently obtained five hundred dollars from Mikorski, contrary to the statute.
The words "to secure and obtain" as used in the indictment, do not refer to a future time, as argued by appellant, but refer to the false representation of appellant prior to the receipt of the money, and, therefore, refer to a past event. To hold otherwise would render it impossible to indict a person for violation of the statute who falsely represented his ability "to secure and obtain" some action, and obtained some money therefor. The indictment merely states that he made such false representation, and does not support the argument that the challenged words relate to some future action. State v. Bromley,5 N.J. Misc. 195 (Sup. Ct. 1926); affirmed, 104 N.J.L. 186 (E. A.
1927). In view of the false representation as to the ability of appellant "to secure and obtain" something that was, to his knowledge, beyond his ability to obtain, the transaction was complete and there was no future action involved, but related to past events.
The judgment under review is affirmed. *Page 94