31 N.J. Super. 225 (1954)
106 A.2d 333
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN A. KAUFMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided June 14, 1954.
*228 Before Judges EASTWOOD, FREUND and FRANCIS.
Mr. C. William Caruso, Special Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. Charles V. Webb, Jr., Essex County Prosecutor, attorney).
Miss Lillian Clawans argued the cause for the defendant-appellant.
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The defendant appeals from his conviction on an indictment containing two counts charging the obtaining of the respective sums of $100 and $300 from one Mary Briesmeister by false pretense, in violation of the provisions of N.J.S. 2A:111-1. His contention is that (1) the indictments are defective; and (2), that the court's charge was erroneous in several respects. A timely motion to dismiss the indictment was made to the trial court.
The pertinent provision of N.J.S. 2A:111-1 reads as follows:
"Any person who, knowingly or designedly, with intent to cheat or defraud any other person, obtains any money, property, security, gain, benefit, advantage or other thing of value by means of false promises, statements, representations, tokens, writings or pretenses, is guilty of a misdemeanor."
We set forth the challenged portions of the indictment as follows:
First count:
"* * * John A. Kaufman, on the 15th day of June, 1952, at the City of Newark, in the County of Essex aforesaid and within the jurisdiction of this Court, did by a false statement to Mary Briesmeister to wit: that he, the said John A. Kaufman, was going *229 into partnership with a Mr. Lyons in the painting contracting business, whereas in truth as the said John A. Kaufman then knew he was not going into a partnership with a Mr. Lyons in the painting contracting business and the said Mary Briesmeister relying upon the said false statement, to wit: that he, the said John A. Kaufman, was going into partnership with a Mr. Lyons in the painting contracting business, as true and being deceived thereby did then and there give to the said John A. Kaufman money to the value of $100.00, and the said John A. Kaufman did then and there knowingly and designedly by color and means of said false statement obtain from the said Mary Briesmeister money to the value of $100.00 of the goods and chattels of the said Mary Briesmeister with intent to cheat and defraud the said Mary Briesmeister of the same, * * *."
Second count:
"* * * John A. Kaufman, on the 29th day of June, 1952, * * * did falsely pretend to Mary Briesmeister that he, the said John A. Kaufman, was in partnership with a Mr. Lyons in the painting contracting business and that he, the said John A. Kaufman wanted to buy out his partner, Mr. Lyons, in the said painting contracting business, whereas in truth as the said John A. Kaufman then knew he, the said John A. Kaufman, was not in partnership with a Mr. Lyons in the painting contracting business, and the said Mary Briesmeister relying upon the said false pretense as true and being deceived thereby did then and there give to the said John A. Kaufman money to the value of $300.00, and the said John A. Kaufman did then and there knowingly and designedly by color and means of said false pretense obtain from the said Mary Briesmeister money to the value of $300.00, of the goods and chattels of the said Mary Briesmeister, with intent to cheat and defraud the said Mary Briesmeister of the same, * * *."
It is generally conceded that the crime of false pretenses is not committed by the mere perpetration of a deception, but becomes such an offense when one is prejudiced thereby. A false pretense, in order to be criminal, must be a false statement of a past or an existing fact. False representations or misrepresentations promissory in character do not constitute false pretenses. 22 Am. Jur., False Pretenses, secs. 5, 8 and 12, pp. 448, 449, 451. See also 27 Am. Jur., Indictments and Informations, sec. 54, p. 621; 35 C.J.S., False Pretenses, §§ 42, 43, pp. 686-693; 22 *230 Am. Jur., supra, sec. 26, pp. 458, 459; sec. 92, p. 495; sec. 93, p. 495; sec. 96, p. 497.
Applying the principles of law hereinbefore enunciated, we are persuaded that the first count of the indictment is fatally defective. The language employed, as we view it, does not yield to more than one specific construction, viz.: that the act charged against the defendant was not a past or existing fact, but actually was promissory in character. In substance, it was charged that Kaufman falsely represented to his victim that if she would give him $100, he was intending to go into partnership with a Mr. Lyons in the painting contracting business. Clearly, this was not a representation that related to a past or existing fact. There is no charge in the indictment that Kaufman was then negotiating with Mr. Lyons or in any way had made any arrangements of any kind with Mr. Lyons for the purpose of effecting such a partnership, but the act charged against Kaufman is that he was going into partnership with Lyons  something he would do in the future.
The State argues that "The statement that he `was going into partnership' with Lyons, which induced the Briesmeister woman to part with her money, was to be given the only logical interpretation which such expression would convey to any reasonable person, namely, that he was then engaged in negotiations with Lyons for the express purpose of forming a business partnership." We disagree with the State's contention. There is an absolute absence in the indictment of any language which would justify the assertion that Kaufman represented that he was then engaged in negotiations with Lyons for the purpose of forming a partnership.
It is the settled rule that where one is charged with obtaining money or something of value from a person by false representations of some intended action to be performed in the future, and which does not embrace a false representation of a past or existing fact, no criminal offense is sufficiently charged and the indictment must fall. In fact, *231 the well established rule in most jurisdictions is that the criminal offense of obtaining money or other valuable thing by false pretense is not predicable upon the present intention of the defendant not to comply with his promises or statement as to his future acts. 168 A.L.R., False Pretense  Promissory Statement, p. 835, and supporting citations. In the comparatively recent opinion of former Judge, now Mr. Justice Brennan, in the case of State v. Lamoreaux, 13 N.J. Super. 99 (App. Div. 1951), the New Jersey rule is clearly enunciated, to wit:
"False pretense has been familiar since 30 Geo. II, c. 24 from which our statute was largely drawn. The statute makes indictable certain frauds upon individuals which were not indictable by the common law. A false pretense under the statute is such a designed misrepresentation of an existing fact or condition as induces the party to whom it is made to part with his property. It must not be promissory in character but must be a representation of something which at the time is untrue. State v. Tomlin, 29 N.J.L. 13 (Sup. Ct. 1860); 2 Wharton, Crim. Law (12th ed. 1932), p. 1699. The statute has a broad reach, but it is intended to punish a crime and is not to be used as a means of enforcing civil liability. Its range is not so wide as to embrace every representation which has heretofore been understood as only creating civil liability. Cf. Robinson v. State, 53 N.J.L. 41 (Sup. Ct. 1890). A misstatement of the state of one's mind is a misstatement of fact upon which an action in fraud and deceit may be predicated (Roberts v. James, 83 N.J.L. 492 (E. & A. 1912)), but by virtually unanimous authority it is not a false pretense exposing one to criminal prosecution under 30 Geo. II, c. 24, and its American counterparts. See English and American cases collected in Wharton, supra, p. 1732. The alleged wilfully false representation charged to Lamoreaux in this indictment, that he `would immediately commence construction,' therefore does not charge a crime."
Cf. State v. Pasquale, 5 N.J. Super. 91 (App. Div. 1949); State v. Pierson, 91 A.2d 541 (Del. Super. Ct. 1952).
Nor may the language used to charge the obtaining of money or property by false pretense be supplemented by intendment, by argument or by implication. Robinson v. State, 112 N.E.2d 861 (Ind. Sup. Ct. 1953). See also 22 Am. Jur., supra., sec. 14, p. 452.
*232 We are convinced, however, that the second count of the indictment sufficiently charges the defendant with the alleged crime. In that count, it will be noted the indictment charges that the defendant falsely pretended to Mary Briesmeister that he "was in partnership with a Mr. Lyons in the painting contracting business and that he, the said John A. Kaufman wanted to buy out his partner Mr. Lyons." The false representation that he "was in partnership" related to an existing fact, which the defendant knowingly and falsely made to deceive Mary Briesmeister and charging that she relying upon the false pretense as true and being deceived thereby, she gave $300 to the defendant. Merely because a part of the alleged false representation charging that he wanted to buy out his partner related to a future act does not vitiate the indictment.
"The consequence attached to a false statement as to a past or existing action, however, is not overthrown by an accompanying promise to do some act in the future which operated as a part of the inducement under which the prosecutor parted with his property; but if a prosecutor parted with his property on the reliance of the promise alone, the offense is not committed." 22 Am. Jur., supra, sec. 14, p. 452.
A somewhat parallel situation prevailed in the case of State v. Bennett, 5 N.J. Misc. 318 (Sup. Ct. 1927), wherein the indictment for charging the defendant with having obtained money under false pretenses was sustained. See also 35 C.J.S., False Pretenses, § 42, pages 691, 692.
The defendant complains that the trial judge committed several errors in his instructions to the jury. Even if we were to assume, arguendo, the committing of such errors, the appellant is not in a position to rely thereon as grounds of appeal. There were no requests addressed by the defendant to the court for specific instructions nor any specific objections made thereto at the conclusion of the charge. R.R. 1:5-1; 2:5. Where, as here, there is no compliance with the aforementioned Rules, a defendant should not be permitted to assert as grounds of appeal certain alleged *233 erroneous excerpts culled from the court's charge and only discovered upon an examination thereof after the appeal has been taken, without having appropriately brought them specifically to the attention of the trial judge as required by the rule. To put the stamp of approval upon such practice would be violative of the spirit and intendment of the Rules.
The defendant contented himself with merely taking exception to the entire charge "on the ground that said charge exhibited bias and prejudice against this defendant in all respects." Although no ground of appeal was advanced or argued on this exception, a reading of the charge is convincing proof that it is without merit.
Our finding that the first count in the indictment is defective, the conviction thereon necessarily becomes invalid. Accordingly, it is set aside.
Having determined that the second count of the indictment is valid, the conviction thereon is not affected by the invalidity of the first count. Where, as here, two distinct offenses were joined in one indictment, the judgment will not be reversed because one of the counts charging a separate offense is fatally defective. The intendment will be that the sentence was pronounced on the valid count, provided the penalty, imposed, as here, is authorized by law for conviction upon the good count. As stated by Chief Justice Beasley, in Stephens v. State, 53 N.J.L. 245 (Sup. Ct. 1891): "The principle is but the outcome of the maxim touching judicial procedures, viz., omnia proesumuntur esse rite acta." The cases of State v. Matarazza, 93 N.J.L. 47 (Sup. Ct. 1919); affirmed 94 N.J.L. 263 (E. & A. 1920); State v. Grover, 104 N.J.L. 10 (Sup. Ct. 1927); State v. Longo, 133 N.J.L. 301 (E. & A. 1945); State v. Rogers, 8 N.J. Super. 64 (App. Div. 1950), are in accord.
The judgment of conviction on the first count of the indictment is reversed and that on the second count is affirmed.