SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State of New Jersey v. R.P.** (A-108-13) (073796)

**Argued September 16, 2015 -- Decided December 14, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers the circumstances under which a guilty verdict should be molded to reflect a lesser-included offense.

In June 2005, O.M. disclosed that her stepfather, R.P., began sexually abusing her when she was twelve years old. The sexual abuse resulted in two pregnancies, one of which was terminated. The other pregnancy resulted in the birth of M.M. when O.M. was sixteen or seventeen years old. Subsequent DNA testing showed that M.M.'s profile was "consistent with that of an offspring" of O.M. and defendant. A Monmouth County Grand Jury returned a superseding indictment charging defendant with the following: (1) first-degree aggravated sexual assault, by committing an act of sexual penetration with O.M. when she was less than thirteen years old, contrary to N.J.S.A. 2C:14-2(a)(1) (count one); (2) first-degree aggravated sexual assault, by committing an act of sexual penetration with O.M. while she was less than thirteen years old and while defendant was related to O.M. by affinity, contrary to N.J.S.A. 2C:14-2(a)(2) (count two); (3) first-degree aggravated sexual assault, by committing an act of sexual penetration with O.M., while using physical force or coercion and where O.M. sustained severe personal injury, contrary to N.J.S.A. 2C:14-2(a)(6) (count three); and (4) second-degree sexual assault, by committing an act of sexual penetration with O.M. while she was at least sixteen, but less than eighteen, years old, contrary to N.J.S.A. 2C:14-2(c)(3) (count four). After a jury trial, defendant was convicted of counts two, three, and four, but the jury was unable to reach a verdict on count one. Thereafter, the court sentenced defendant to a twenty-six-year term of incarceration, subject to a thirteen-year period of parole ineligibility.

Defendant subsequently appealed, claiming that the trial court committed plain error when it failed to charge the jury on second-degree sexual assault as a lesser-included offense of first-degree aggravated sexual assault (count three). The Appellate Division panel determined that because there was sufficient evidence for the jury to have convicted defendant of second-degree sexual assault, the trial court's failure to issue such an instruction on count three was plain error. The panel reversed the conviction on count three, remanded for a new trial on that charge, and vacated defendant's sentence. The panel did not comment on the State's request that the verdict be molded to reflect a conviction for second-degree sexual assault as to count three.

The State sought reconsideration and clarification of the Appellate Division's decision pursuant to Rule 2:11-6(a). Specifically, the State sought clarification as to whether the Appellate Division had considered its contention that the verdict on count three should be molded to reflect a conviction for second-degree sexual assault. The Appellate Division denied the State's request for reconsideration and clarification without explanation.

Defendant petitioned for certification, and the State cross-petitioned. This Court granted the State's cross-petition, limited to whether the Appellate Division was required to mold defendant's guilty verdict for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6), to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1). 218 N.J. 272 (2014).

**HELD**: The Appellate Division erred when it denied the State's request to mold the verdict because defendant was given his day in court, all of the elements of sexual assault are included in the crime of aggravated sexual assault, and defendant was not prejudiced.

1. In State v. Farrad, 164 N.J. 247 (2000), the Court recognized three factors that must be considered when determining whether a verdict should be molded to a conviction for a lesser-included offense on which the jury was not instructed: (1) defendant has been given his day in court; (2) all the elements of the lesser-included offense are contained in the more serious offense; and (3) defendant's guilt of the lesser-included offense is implicit in, and part of, a jury verdict.

1

In addition to these factors, several Appellate Division decisions have also considered whether molding the verdict will prejudice defendant. (p. 7)

2. When the State requests, as it did here, that a verdict be molded, other jurisdictions have made prejudice a part of the analysis. In Allison v. United States, 409 F.2d 445 (D.C. Cir. 1969), the United States Court of Appeals for the District of Columbia Circuit reversed the appellant's conviction and remanded for entry of judgment on a lesser-included offense because the evidence offered at trial failed to support one or more elements of the crime of which appellant was convicted, such evidence sufficiently sustained each of the elements of another offense, the latter was a lesser-included offense of the former, and no undue prejudice would result to the appellant. (p. 8)

3. Here, in count three, defendant was charged with first-degree aggravated sexual assault in violation of N.J.S.A. 2C:14-2(a)(6), which provides that a person is guilty of first-degree aggravated sexual assault if he or she: (1) commits an act of sexual penetration with another person; (2) through the use of physical force or coercion; and (3) severe personal injury is sustained by the victim. N.J.S.A. 2C:14-2(c)(1) states that an actor is guilty of second-degree sexual assault if he or she: (1) commits an act of sexual penetration with another person; (2) using physical force or coercion, but the victim does not sustain severe personal injury. All of the elements of sexual assault are included in aggravated sexual assault. Therefore, because the jury found defendant guilty of count three, it also found beyond a reasonable doubt that defendant was guilty of all the elements of second-degree sexual assault. Further, the record does not suggest that defendant's strategy at trial would have differed had he been tried on the lesser-included offense of second-degree sexual assault. (pp. 9-10)

4. The Court reaffirms the test established in Farrad and incorporates the approach taken by the Court of Appeals for the District of Columbia Circuit in Allison. Considerations of judicial economy and efficiency, fairness to the State, and the right of crime victims and witnesses to have the inconveniences associated with participation in the criminal justice process minimized may be relevant when determining whether the State's request to mold a verdict should be granted. However, where no undue prejudice will result to the accused, such considerations will not alter the outcome. (p. 11)

The judgment of the Appellate Division is **REVERSED.** The matter is **REMANDED** to the trial court for entry of a judgment against defendant on the lesser-included offense of second-degree sexual assault and for resentencing.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON'S opinion. JUSTICE FERNANDEZ-VINA did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

        v.

R.P.,

    Defendant-Respondent.


        Argued September 16, 2015 – Decided December 14, 2015

        On certification to the Superior Court, Appellate Division.

        Paul H. Heinzel, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for appellant (Christopher J. Gramiccioni, Acting Monmouth County Prosecutor, attorney; Mr. Heinzel and Mary R. Juliano, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the briefs).

        Al Glimis, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney).


    JUSTICE SOLOMON delivered the opinion of the Court.

    In this appeal, the Appellate Division vacated defendant's conviction for first-degree aggravated sexual assault because the trial court failed to charge the jury on the lesser-included offense of second-degree sexual assault. In doing so, the Appellate Division denied, without comment, the State's request

that the verdict be molded, and the panel remanded for a new trial on first-degree aggravated sexual assault. We are called upon to determine the propriety of that determination. Because we conclude that defendant was given his day in court, that all the elements of sexual assault are included in the crime of aggravated sexual assault, and that there was no prejudice to defendant, we reverse the judgment of the Appellate Division and remand the matter to the trial court for entry of judgment against defendant on the lesser-included offense of second-degree sexual assault (count three) and for resentencing.

I.

The record reveals the following. In June 2005, O.M.[1] disclosed that her stepfather, defendant R.P., had sexually abused her beginning when she was twelve years old. The abuse resulted in two pregnancies, one of which was terminated and one of which resulted in the birth of M.M. when O.M. was sixteen or seventeen years old. Following an investigation, including DNA testing of O.M., M.M., and defendant, which showed that M.M.'s DNA profile was "consistent with that of an offspring" of O.M. and defendant, a Monmouth County Grand Jury returned a superseding indictment charging defendant with first-degree

---

[1] Consistent with the Appellate Division opinion, we utilize initials to protect the anonymity of the victim and others.

aggravated sexual assault, by committing an act of sexual penetration with O.M. while she was less than thirteen years old, contrary to N.J.S.A. 2C:14-2(a)(1) (count one); first-degree aggravated sexual assault, by committing an act of sexual penetration with O.M. while she was at least thirteen but less than sixteen years old, and defendant was related to O.M. by affinity, contrary to N.J.S.A. 2C:14-2(a)(2) (count two); first-degree aggravated sexual assault, by committing an act of sexual penetration with O.M. while using physical force or coercion, and O.M. sustained severe personal injury, contrary to N.J.S.A. 2C:14-2(a)(6) (count three); and second-degree sexual assault, by committing an act of sexual penetration with O.M. while she was at least sixteen but less than eighteen years old, contrary to N.J.S.A. 2C:14-2(c)(3) (count four).

Following a jury trial, defendant was convicted of first-degree aggravated sexual assault (count two), first-degree aggravated sexual assault (count three), and second-degree sexual assault (count four); the jury was unable to reach a verdict on count one, first-degree aggravated sexual assault. Defendant was sentenced to a twenty-six-year aggregate term of imprisonment with a thirteen-year period of parole ineligibility.

Defendant appealed, contending, among other things, that the trial court committed plain error by failing to charge the

3

jury on second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), as a lesser-included offense of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6) (count three). The appellate panel determined that because there was sufficient evidence for the jury to have convicted defendant of second-degree sexual assault, the trial court's failure to issue such an instruction on count three was plain error. The panel reversed the conviction on count three, remanded for a new trial on that charge, and vacated defendant's sentence. The panel did not comment on the State's request that the verdict be molded to reflect a conviction for second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), as to count three.

The State moved for reconsideration and clarification of the Appellate Division's decision pursuant to Rule 2:11-6(a). Specifically, the State sought clarification as to whether the Appellate Division considered the State's contention that the verdict on count three should be molded to a conviction for second-degree sexual assault. The Appellate Division denied reconsideration without explanation.

Defendant petitioned for certification, and the State cross-petitioned. This Court granted only the State's cross-petition, "limited to the issue of whether the Appellate Division was required to mold defendant's guilty verdict for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6),

4

to second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1)." 218 N.J. 272 (2014).

## II.

The State claims that when a conviction is reversed for failure to charge on a lesser-included offense, New Jersey courts consistently afford the State the option of choosing a molded verdict or retrial on the greater offense, citing to State v. Greenberg, 154 N.J. Super. 564, 567-68 (App. Div. 1977), certif. denied, 75 N.J. 612 (1978). Alternatively, the State asserts that if the Appellate Division's decision to impose a molded verdict or remand for retrial was discretionary, the panel's refusal to do so without explanation was arbitrary because the State satisfied the requirements established by this Court in State v. Farrad, 164 N.J. 247, 266 (2000).

The State argues that all of the elements of second-degree sexual assault are included in first-degree aggravated sexual assault; the only difference between the offenses is that aggravated sexual assault requires a showing of "severe personal injury." N.J.S.A. 2C:14-2(a)(6). The State posits that where the jury verdict constitutes a finding that all of the elements of a lesser-included offense have been proven, it is error for the court to refuse the State's request for a molded verdict if prejudice to the defendant will not result.

5

Defendant contends that Farrad, supra, 164 N.J. at 266, permits, but does not require, a verdict to be molded in appropriate circumstances. Defendant argues that the Appellate Division did not abuse its discretion by remanding for a new trial on count three, in part, because the assistant prosecutor specified, in response to the trial court's inquiry regarding the contents of the charge, that the State did not want the jury charged on any lesser-included offenses. Therefore, defendant submits, the State is "at least partially responsible" for any error.

Defendant suggests that, if needed, this matter be resolved by remand to the Appellate Division for application of the Farrad test, or by upholding the Appellate Division's decision because the panel correctly declined the State's invitation to mold the verdict on count three.

III.

The principles guiding us here were set forth by this Court in Farrad, supra, 164 N.J. at 265-66, which provides that the authority to mold a verdict rests upon a trial court's "'power to enter a judgment of conviction for a lesser included offense where the jury verdict necessarily constitutes a finding that all the elements of the lesser included offense have been established and where no prejudice to the defendant results.'"

6

Id. at 266 (quoting Greenberg, supra, 154 N.J. Super. at 567-68).

In Farrad, we recognized three factors to be considered in determining whether a verdict should be molded to a conviction for a lesser-included offense where a jury was not instructed on that offense: "(1) defendant has been given his day in court, (2) all the elements of the lesser-included offense are contained in the more serious offense and (3) defendant's guilt of the lesser-included offense is implicit in, and part of, the jury verdict."[2] Ibid. (internal quotation marks omitted). However, a verdict may not be molded where doing so would require a court to speculate about the jury's findings. State v. Federico, 103 N.J. 169, 177 (1986); see also State v. Dixon, 125 N.J. 223, 284 (1991) (Handler, J., dissenting).

In addition to the three factors articulated in Farrad, decisions of the Appellate Division have considered in their analysis whether molding the verdict will prejudice the defendant. See State v. Viera, 346 N.J. Super. 198, 217 (App. Div. 2001), certif. denied, 174 N.J. 38 (2002); Greenberg, supra, 154 N.J. at 567-68; State v. Hauser, 147 N.J. Super. 221,

---

[2] While we did not expressly include prejudice as a factor to be considered when molding a verdict in Farrad, we declined to mold the verdict there because the trial court's error in permitting the use of other-crimes evidence mandated a retrial in light of the resulting prejudice to the defendant.

228 (App. Div.) ("This court has the power to enter a judgment of conviction for a lesser included offense where the jury verdict, of necessity, constitutes a finding that all the elements of a lesser included offense have been properly established and no prejudice to the defendant will result . . . ." (citing State v. Washington, 60 N.J. 170, 173 (1972) (additional citations omitted))), certif. denied, 75 N.J. 27 (1977).

Although this Court has not expressly included prejudice to a defendant as a consideration when the State requests, as it did here, that a verdict be molded, other jurisdictions have expressly made prejudice a part of that analysis. For example, the United States Court of Appeals for the District of Columbia Circuit in Allison v. United States, 409 F.2d 445 (D.C. Cir. 1969), reversed the defendant's conviction and remanded for entry of judgment on a lesser-included offense based upon the following considerations:

> (1) that the evidence adduced at trial fails to support one or more elements of the crime of which appellant was convicted, (2) that such evidence sufficiently sustains all the elements of another offense, (3) that the latter is a lesser included offense of the former, and (4) that no undue prejudice will result to the accused.
>
> [Id. at 450-51.]

The court "perceive[d] no possible prejudice to [the defendant] as a result" of this disposition because the defendant had full notice of his potential conviction for the lesser crime and there was no indication that the defense strategy would have been altered had the defendant initially been tried only on the lesser-included charge. Id. at 451; see also United States v. Hunt, 129 F.3d 739, 745-46 (5th Cir. 1997) (finding modification of judgment permissible despite fact that trial court did not instruct jury on lesser-included offense and modification would not result in undue prejudice to defendant); United States v. Smith, 13 F.3d 380, 383 (10th Cir. 1993) (same); Shields v. State, 722 So. 2d 584, 586-87 (Miss. 1998) (same).

With those principles in mind, we consider whether the Appellate Division was required to mold defendant's verdict here.

IV.

A.

Defendant was charged with first-degree aggravated sexual assault, in violation of N.J.S.A. 2C:14-2(a)(6), which provides that a person is guilty of first-degree aggravated sexual assault if he or she: (1) commits an act of sexual penetration with another person; (2) through the use of physical force or coercion; and (3) severe personal injury is sustained by the victim. N.J.S.A. 2C:14-2(c)(1) states that an actor is guilty

9

of second-degree sexual assault if he or she: (1) commits an act of sexual penetration with another person; (2) using physical force or coercion, but the victim does not sustain severe personal injury.  Therefore, all of the elements of sexual assault are included in aggravated sexual assault.

Because the jury found defendant guilty of count three, "the crime of aggravated sexual assault by committing an act of sexual penetration with [O.M.] while using physical force or coercion and [O.M.] sustained severe personal injury," the jury found beyond a reasonable doubt that defendant was guilty of all the elements of sexual assault.  Furthermore, the record does not suggest, nor can defendant argue in light of his request that the jury be charged on second-degree sexual assault, that his strategy would have differed had he been tried on the lesser-included offense of second-degree sexual assault. Clearly, defendant was given his day in court and does not claim otherwise.

B.

In Farrad, supra, we held that a guilty verdict may be molded to convict a defendant of a lesser-included offense -- even where the jury was not instructed on that offense -- if the following three factors are met: "(1) defendant has been given his day in court, (2) all the elements of the lesser-included offense are contained in the more serious offense and (3)

10

defendant's guilt of the lesser-included offense is implicit in, and part of, the jury verdict." 164 N.J. at 266. We reaffirm the test established in Farrad, and incorporate the approach taken by the Court of Appeals for the District of Columbia Circuit in Allison, supra, 409 F.2d at 450-51. Thus, we conclude that when all three Farrad factors are met and "no undue prejudice will result to the accused," the State's request for a molded verdict should be granted. Id. at 451.

We are mindful that other considerations may be relevant to determining whether the State's request to mold a verdict should be granted where a defendant establishes prejudice. Those considerations include judicial economy and efficiency, fairness to the State, and the right of crime victims and witnesses "[t]o have inconveniences associated with participation in the criminal justice process minimized to the fullest extent possible." N.J.S.A. 52:4B-36(d). However, where "no undue prejudice will result to the accused," such considerations will not alter the outcome.

V.

For the reasons set forth above, we find the Appellate Division erred in denying the State's request to mold the verdict. Therefore, the judgment of the Appellate Division is reversed. The matter is remanded to the trial court for entry of judgment against defendant on the lesser-included offense of

11

second-degree sexual assault (count three) and resentencing consistent with this opinion.


CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, and PATTERSON; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON'S opinion.  JUSTICE FERNANDEZ-VINA did not participate.

12

**SUPREME COURT OF NEW JERSEY**

NO. ___A-108___            SEPTEMBER TERM 2013

ON CERTIFICATION TO ___Appellate Division, Superior Court___

STATE OF NEW JERSEY,

       Plaintiff-Appellant,

           v.

R.P.,

       Defendant-Respondent.

DECIDED _____December 14, 2015_____

_____Chief Justice Rabner_____ PRESIDING

OPINION BY ___Justice Solomon_____

CONCURRING/DISSENTING OPINIONS BY _____

DISSENTING OPINION BY _____

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | ------------------- | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 6 | |