# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3878-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.P.,

     Defendant-Appellant.

_____

Submitted May 28, 2019 – Decided June 25, 2019

Before Judges Sabatino and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 08-10-2279.

Joseph E. Krakora, Public Defender, attorney for appellant (Amira Rahman Scurato, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Mary Rebecca Juliano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant R.P.[1] appeals from the February 2017 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  Although we do not agree with the PCR court that defendant's petition is procedurally barred, in all other respects, we affirm the PCR court's thorough and well-reasoned written decision rejecting defendant's substantive contentions.

I.

After a 2010 jury trial on a four-count indictment, defendant was convicted  of first-degree aggravated sexual assault by committing an act of sexual penetration upon a victim between thirteen to sixteen years old by a step-parent/guardian, N.J.S.A. 2C:14-2(a)(2) (count two); first-degree aggravated sexual assault by committing an act of sexual penetration upon a victim by force or coercion with severe personal injury, N.J.S.A. 2C:14-2(a)(6) (count three); and second-degree aggravated sexual assault by committing an act of sexual penetration upon a victim between sixteen to eighteen years old by a step-parent/guardian, N.J.S.A. 2C:14-2(a) (count four).  The jury was unable to reach a verdict on count one, which charged first-degree aggravated sexual assault by

---

[1]  Consistent with our prior opinion and the Supreme Court's opinion, we use initials to protect the anonymity of the victim and others.

committing an act of sexual penetration upon a victim less than thirteen years old, N.J.S.A. 2C:14-2(a). Count one was later dismissed by the State.

The facts in this case were set forth in our prior opinion and in the Supreme Court's published opinion, and need only be briefly summarized now. Over the course of several years, defendant repeatedly sexually abused his stepdaughter, O.M. O.M. testified that defendant started touching her when she was only twelve years old. Defendant eventually began having unprotected sexual intercourse with O.M. against her will. Those sexual assaults resulted in two pregnancies, one of which resulted in a birth. O.M. did not report the sexual offense for many years until she was thirty-two years old, when she revealed the abuse to her aunt and then to law enforcement authorities. The State's evidence at trial included the victim's account, testimony from the aunt relaying the victim's fresh complaint hearsay report of the sexual assaults, and DNA evidence conclusively establishing that defendant fathered O.M.'s son.

On November 9, 2010, the trial judge sentenced defendant to an eighteen-year prison term with a nine-year term of parole ineligibility on both counts two and three. Those sentences were ordered to be served concurrently. On his conviction for count four, defendant was sentenced to an eight-year prison term with a four-year period of parole ineligibility. The sentence imposed on count

four was ordered to be served consecutively to the sentences imposed on counts two and three. As such, defendant was sentenced to an aggregate State Prison term of twenty-six years with a thirteen-year period of parole ineligibility. The trial judge also ordered defendant to pay a total of $655 in fines and penalties, and advised defendant that he was subject to the requirements of Megan's Law and community supervision for life.

Defendant appealed his conviction and sentence, arguing that the trial court erred by: (1) failing to charge second-degree sexual assault as a lesser included offense on count three; (2) denying his motion for a judgment of acquittal on counts two and three; and, (3) imposing an excessive sentence. State v. R.P., No. A-1569-10 (App. Div. Dec. 27, 2013) (slip op. at 2). We affirmed defendant's convictions and sentences on counts two and four, but reversed defendant's conviction on count three, reasoning that the evidence supported a charge on a lesser-included offense that should have been submitted to the jury. We rejected the State's argument to mold the verdict to reduce the conviction on count three to the lesser-included second-degree offense, and instead, we remanded the case for retrial. R.P., slip op. at 19.

The Supreme Court granted the State's petition for certification. The Court held that the proper remedy to address the failure to submit the lesser-

A-3878-17T3

included charge to the jury was to mold the verdict as was requested by the State, rather than to order a retrial. The Court explained that "defendant was given his day in court, . . . all of the elements of sexual assault are included in the crime of aggravated sexual assault, and . . . there was no prejudice to defendant." State v. R.P., 223 N.J. 521, 522 (2015). The Court thereupon molded the verdict on count three to the lesser-included offense of second-degree sexual assault and remanded the matter for entry of judgment and resentencing. Id. at 529.

On January 15, 2016, the trial court resentenced defendant on the molded conviction to count three to an eight-year term with a four-year period of parole ineligibility, to be served concurrently with the sentence that had been imposed on count two. On June 6, 2016, an Excessive Sentence on Appeal (ESOA) panel affirmed the resentencing decision.

Defendant thereafter filed a timely petition for PCR, contending that his trial counsel rendered ineffective assistance by: (1) failing to conduct an adequate investigation or prepare defendant for trial; (2) "coercing" defendant not to testify; (3) failing to hire an expert to challenge the State's DNA evidence; (4) failing to interview witnesses, specifically, the victim, her mother, her brother, and her best friend; (5) failing to object to evidence and hearsay

statements; (6) not requesting a jury charge on the lesser-included offense of count three; and (7) not filing a motion for a new trial.

On February 22, 2017, the trial court rejected defendant's PCR petition after determining that an evidentiary hearing was not warranted. The PCR judge found that defendant's petition was procedurally barred because the issues raised in the petition could have been asserted on direct appeal. The judge nonetheless addressed defendant's contentions on the merits and rejected all of them in a detailed twenty-five page opinion.

## II.

In his present appeal, defendant makes the following points in his brief:

> POINT I: BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO CONSULT, INVESTIGATE, HIRE AN EXPERT, AND OBJECT TO TESTIMONY, AN EVIDENTIARY HEARING WAS REQUIRED.
>
> POINT II: THE PETITION FOR POST-CONVICTION RELIEF IS NOT PROCEDURALLY BARRED BY RULE 3:22-4 OR RULE 3:22-5.

## III.

Under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a

A-3878-17T3

deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in <u>Strickland</u> by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. <u>Ibid.</u>; <u>see also</u> <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987) (adopting the <u>Strickland</u> two-part test in New Jersey).

When reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." <u>Stickland</u>, 466 U.S. at 690. Moreover, "'an otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial.'" <u>State v. Allegra</u>, 193 N.J. 352, 367 (2008) (quoting <u>State v. Castagna</u>, 187 N.J. 293, 314 (2006)).

The law governing this appeal further instructs that, in order to obtain an evidentiary hearing on a PCR petition based upon claims of ineffective assistance of counsel, a defendant must make a prima facie showing of both deficient performance and actual prejudice. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992). "To establish such a prima facie case, the defendant must demonstrate a reasonable likelihood that his or her claim, . . . will ultimately succeed on the merits." <u>R.</u> 3:22-10(b). A defendant "is not entitled to an

evidentiary hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

Accordingly, when, as in this case, a defendant claims that his or her trial attorney "inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6). "Bald assertions" of deficient performance are insufficient to support a PCR application. Ibid.; see also Porter, 216 N.J. at 356-57 (reaffirming these principles in evaluating which of a defendant's various PCR claims warranted an evidentiary hearing).

IV.

The PCR judge determined that defendant's claims were procedurally barred pursuant to Rule 3:22-4[2] because those claims could have been raised on direct appeal. We disagree with this portion of the PCR judge's decision.[1]

---

[2] Defendant in his appellate brief argues that his claims should not be barred by R. 3:22-5. However, the PCR judge did not find that the claims were barred pursuant to that particular Court Rule.

A-3878-17T3

Although Rule 3:22-4(a) creates a general bar to raising issues in a PCR petition that were not raised in a prior proceeding, the rule establishes three exceptions. The rule provides:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> > (1) That the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
> >
> > (2) The enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
> >
> > (3) That denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.
>
> [R. 3:22-4(a)]

Considering those exceptions, and especially the first one, we conclude that defendant's claim of ineffective assistance of counsel is not barred by Rule 3:22-4. Some of the alleged attorney deficiencies pertain to attorney conduct and communications that are not included in the trial record (e.g., the alleged

9

coercive behavior of the attorney to convince defendant not to testify at trial). Defendant could not reasonably have been expected to raise the issue on direct appeal or any other non-PCR proceeding. See Preciose, 129 N.J. at 460 (holding that "[o]ur courts have expressed a general policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record.").

Furthermore, "[u]nder New Jersey case law, petitioners are rarely barred from raising ineffective-assistance-of-counsel claims on post-conviction review." Id. at 459-60. Our courts have routinely found that ineffective assistance of counsel claims are "congruous with the exceptions to the procedural bar of R. 3:22-4." State v. Moore, 273 N.J. Super. 118, 125 (App. Div. 1994). In this instance, all of defendant's PCR contentions are framed in the context of ineffective assistance of trial counsel. As such, the PCR judge should not have found that defendant's claims were procedurally barred.

V.

Despite this procedural error, the PCR judge carefully and thoroughly addressed all of defendant's PCR contentions on their merits. The PCR judge found that defendant's contentions were either "bald assertions" without

sufficient – or any – factual support in the PCR record, or were flatly contradicted by the trial record. We agree.

We conclude that an evidentiary hearing was neither required nor warranted because defendant failed to establish a prima facie case that his trial counsel's performance was constitutionally deficient and that he suffered actual prejudice from counsel's unprofessional conduct. Preciose, 129 N.J. at 463. In this instance, defendant failed to establish a prima facie case on either of the two Strickland prongs. Indeed, this case falls squarely in the heartland of the rule that a defendant "is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing.'" Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158).

We have considered defendant's substantive contentions on appeal in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We therefore affirm substantially for the reasons expressed by Judge Oxley in his well-reasoned written opinion. We would only add the following brief comments with respect to each of defendant's contentions:

11

1.

Defendant claims that his trial counsel failed to conduct a proper investigation, but defendant has not asserted the exculpatory facts that the supplemental investigation would have revealed. Defendant therefore has failed to comply with Cummings, which requires that when a defendant claims on PCR that his or her trial counsel inadequately investigated the case, that claim "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon personal knowledge of the affiant or the person making the certification." 321 N.J. Super. at 170.

2.

Defendant claims that his trial counsel coerced him to give up his right to testify in his own defense at trial, but that argument is belied by the defendant's colloquy with the trial judge concerning defendant's right to testify or not testify. Defense counsel advised the trial judge that he had spoken at length with defendant concerning his right to testify, and that defendant wanted to testify against counsel's advice. The judge read aloud the jury instruction that would be given, after which defendant asked for more time to speak with his attorney. The judge replied, "[t]ake all the time you need," and further explained, "[i]t's your decision. It's a very important decision. I want to make sure when you

make your decision, it is your final decision.  You understand that?"  Defendant replied, "[r]ight."

After a twenty-minute recess to permit defendant to consult with counsel, the following colloquy took place:

> Court: Mr. [R.P.], would you stand, please.  Have you discussed with your attorney your right to remain silent and to not testify in this case?
>
> Defendant: Yes, ma'am.
>
> Court: I just read to you before the break the charge that would be given to the jury in the event you chose not – to exercise your Constitutional right not to testify.  Do you need any more time to speak to your attorney about your decision?
>
> Defendant: No.
>
> Court: What is your decision in this case?
>
> Defendant: Not to testify.
>
> Court: Are you making that decision of your own free will?
>
> Defendant: Yes.
>
> Court: Has anyone threatened you or put any pressure on you not to testify?
>
> Defendant: No.

Court: You've had an opportunity to speak to your attorney. He's given you his thoughts with regard to the risks and advantages of testifying, correct?

Defendant: Yes.

Court: Has your attorney pressured you in order to make this decision?

Defendant: No.

Court: You're making the decision of your own free will based upon your own consideration of all of the issues?

Defendant: Yes.

Court: Is there anything else, Mr. [defense counsel]?

Defense Counsel: Yes, Judge. And, [defendant's first name], in reaching that decision, part of what we did was, we went over the jury verdict sheet, and I actually showed you my outline notes of the closing, which sit on the table in front of us, right?

Defendant: Yes.

Defense Counsel: You're sure, after reviewing all of that, you're satisfied that you want to exercise your Constitutional right not to testify?

Defendant: Yes.

Defense Counsel: And although I gave you my opinion and advice that you should remain silent, you understand that that decision is always yours and never mine, correct?

Defendant: Yes.

14

Defense Counsel: You understand that whether or not you testify, I am still going to do the best job humanly possible and that I know how to do [sic] to protect your rights and to do this trial to your benefit. You understand that, right?

Defendant: Yes.

Defense Counsel: Just want to make sure.

Court: Mr. [R.P.], my concern is that at some later point in time you're going to come back and say this wasn't your decision, that you hadn't had enough time to think about it, that you were being pressured, that there was some force or coercion being exercised on you. Have you had sufficient time to make this decision?

Defendant: Yes.

Based on this exhaustive colloquy, the trial judge found that defendant had a full and fair opportunity to consider his options, that he had the benefit of multiple conversations with his attorney to discuss the issue, that he had been given the opportunity to take into consideration the strategic issues raised by his attorney's advice, and that he made the decision not to testify voluntarily, of his own free will, and with the full advice of counsel.

3.

Defendant claims that trial counsel was ineffective for failing to retain an expert to refute the State's DNA evidence, but fails to provide any facts, affidavits, or certifications explaining how a defense expert might have rebutted

A-3878-17T3

the State's overwhelmingly definitive scientific evidence that defendant fathered the victim's son.

4.

Defendant claims that his trial counsel failed to interview certain witnesses, such as the victim's mother, brother, and best friend, but fails to explain by affidavit or certification what any such interviews would have revealed. See Cummings, 321 N.J. Super. at 170 (A claim that counsel failed to conduct supplemental investigation must assert facts that would have been revealed, supported by affidavits or certifications.)

5.

Defendant claims that his trial counsel's performance was constitutionally deficient for failing to object to certain evidence adduced at trial, including the victim's aunt's fresh complaint testimony. Defendant's contention is belied by the record, which shows that counsel did object to the fresh complaint testimony and that objection was overruled based upon prevailing precedent cited by the trial judge. See State v. Bethune, 121 N.J. 137, 146-47 (1990) (fresh complaint evidence is not admitted to prove underlying truth of sexual assault charges or to bolster victim's credibility, but merely to dispel inference that victim was silent; detailed testimony is impermissible under the fresh complaint rule.).

6.

Defendant claims that counsel was ineffective for not requesting a jury charge on lesser-included offenses. However, the Supreme Court has already addressed that problem and remedied it on direct appeal by molding the verdict. Consequently, defendant cannot show that he is presently suffering prejudice from counsel's performance with respect to this issue.

7.

Defendant claims that counsel was ineffective for failing to move for a new trial. Defendant fails to provide any facts upon which a motion for a new trial would have been granted. On direct appeal, we previously addressed the question whether the trial court should have granted a motion for acquittal, and we concluded that there was sufficient evidence to support the jury verdict. R.P., slip op. at 12.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-3878-17T3