# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2708-20

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

R.P.,

 Defendant-Appellant.

_____

Submitted June 2, 2022 – Decided July 11, 2022

Before Judges Hoffman and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 08-10-2279.

R.P., appellant pro se.

Lori Linskey, Acting Monmouth County Prosecutor, attorney for respondent (Monica do Outeiro, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In January 2016, a jury convicted defendant of sexually assaulting his minor stepdaughter. He appeals from a December 10, 2020 Law Division order denying his motion to reduce his sentence pursuant to Rule 3:21-10(b)(5). Defendant now contends that: (1) the statute of limitations barred prosecution for the sexual assaults; and (2) the attorney assigned to his case rendered ineffective assistance by failing to join his motion for a reduction or change in sentence. After carefully reviewing the record in light of the governing legal principles, we reject both contentions and affirm.

I.

We discern the following relevant facts and procedural history from the record, which includes our Supreme Court's precedential opinion granting the State's request to mold the jury verdict. State v. R.P., 223 N.J. 521 (2015). In June 2005, the victim, O.M.,[1] disclosed that her stepfather, defendant, sexually abused her beginning when she was only twelve years old. Id. at 523. The sexual abuse resulted in two pregnancies. One resulted in the birth of M.M. when O.M. was sixteen years old. Ibid. DNA testing "showed that M.M.'s DNA profile was 'consistent with that of an offspring' of O.M. and defendant." Ibid.

---

[1] We use initials to protect the anonymity of the victim and the child born as a result of the sexual assault, and because the record is impounded. See R. 1:38-3(f)(4).

In October 2008, a grand jury returned a superseding indictment for defendant charging him with three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a) (counts one through three), and one count of second-degree sexual assault, N.J.S.A. 2C:14-2(c) (count four). Following a jury trial, defendant was convicted of two counts of first-degree aggravated sexual assault (counts two and three) and one count of second-degree sexual assault. R.P., 223 N.J. at 523. The jury did not reach a verdict on count one, which charged first-degree aggravated sexual assault. Ibid. Defendant was sentenced to a twenty-six-year aggregate term of imprisonment with a thirteen-year period of parole ineligibility. Ibid.

Defendant appealed his conviction. Id. at 524. We reversed and remanded for a new trial, holding that the trial court should have instructed the jury on the lesser-included offense of second-degree sexual assault for count three. Ibid. The Supreme Court reversed our decision and remanded for the trial court to mold the verdict and enter judgment against defendant on the lesser-included offense of sexual assault on count three of the superseding indictment. Id. at 522.

On January 15, 2016, the trial court resentenced defendant on the molded conviction for sexual assault to an eight-year prison term with a four-year period

of parole ineligibility to be served concurrently with the sentence that had been imposed on count two. State v. R.P., No. A-3878-17 (App. Div. June 25, 2019) (slip op. at 3). In June 2016, a Sentencing Oral Argument (SOA) panel affirmed the trial court's resentencing order. Ibid.

Defendant subsequently filed a timely petition for post-conviction release (PCR) in which he claimed ineffective assistance of his trial counsel for:

> (1) failing to conduct an adequate investigation or prepare defendant for trial; (2) "coercing" defendant not to testify; (3) failing to hire an expert to challenge the State's DNA evidence; (4) failing to interview witnesses, specifically, the victim, her mother, her brother, and her best friend; (5) failing to object to evidence and hearsay statements; (6) not requesting a jury charge on the lesser-included offense of count three; and (7) not filing a motion for a new trial.
>
> [Id. at 5.]

The PCR court denied defendant's application. Id. at 6. Defendant appealed the PCR court's decision,[2] and we affirmed. Ibid.

In 2020, defendant filed two motions with the trial court. On May 20, 2020, the trial court dismissed without prejudice defendant's Motion to Correct

---

[2] On appeal, defendant raised two contentions: (1) ineffective assistance of counsel and (2) the petition for PCR was not procedurally barred. We determined that defendant's petition was not procedurally barred and affirmed the denial of PCR on the merits.

A-2708-20

a Sentence. On December 10, 2020, the trial court denied without prejudice defendant's Motion for a Change of Sentence pursuant to Rule 3:21-10(b)(5). In rendering its decision, the trial court noted, "[d]efendant fails to provide any legal authority or facts in support of his motion. Defendant fails to provide applicable law and explain how it applies to the specific circumstances of his case in making his argument for release."

This appeal follows. Defendant raises the following contentions for our consideration:

> POINT I
>
> THE TRIAL COURT DEPRIVED THE DEFENDANT OF HIS FEDERAL AND STATE CONSTITUTIONAL DUE PROCESS RIGHTS TO EX POST FACTO LAW. (Raised Below).
>
> POINT II
>
> INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO NOT CONSULT, FILE MOTIONS, IS A VIOLATION OF DUE PROCESS OF FIFTH AMENDMENT.[3]

---

[3] We note in the interest of completeness that defendant's point heading is different in the body of his brief compared to the table of contents. The table of contents provides that "COUNSEL WAS ILLEGALLY INEFFECTIVE IN VIOLATION OF THE UNITED STATES CONSTITUTION FIFTH AND SIXTH AMEND[MENTS], AND NEW JERSEY STATE CONSTITUTION STRICKLAND V. WASHINGTON. (Not Raised)." We have considered his arguments fully.

## II.

Defendant's contentions on appeal lack sufficient merit to warrant extensive discussion. We first address defendant's claim that his due process rights were violated because the trial court did not have jurisdiction to hear the case against him. Specifically, defendant asserts that his prosecution was barred by the statute of limitations, N.J.S.A. 2C:1-6, and therefore the trial court erred in denying his motion to reduce or change a sentence pursuant to Rule 3:21-10(b)(5).[4] We note that although defendant's motion purports to reduce or change a sentence, the gravamen of his argument is that the sentence is not an authorized disposition because his convictions are barred by the statute of limitations.

A statute of limitations in a criminal case creates an "absolute bar" to prosecution. State v. Twiggs, 233 N.J. 513, 534 (2018) (quoting State v. Short,

---

[4] Pursuant to Rule 3:21-10(b), courts have discretion to reduce or change a sentence. Importantly for purpose of this appeal, "a motion may be filed and an order may be entered at any time . . . [to] correct[] a sentence not authorized by law including the Code of Criminal Justice." R. 3:21-10(b)(5). Courts reviewing the grant or denial of a motion under Rule 3:21-10(b) "employ[] a discretionary standard of review." State v. Arroyo-Nunez, 470 N.J. Super. 351, 376 (App. Div. 2022). Under this deferential standard, a trial court abuses its discretion if the "decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (citations and quotations omitted).

131 N.J. 47, 55 (1993)); State v. Dorio, 216 N.J. 598, 613 (2014). When a statute of limitations is placed in issue, the State bears the burden of proving that the offense was committed within the prescribed limitation period. See State v. Cagno, 211 N.J. 488, 506–07 (2012). Furthermore, the statute of limitations can be asserted at any time, before or after verdict. State v. E.W., 413 N.J. Super. 70, 78 (App. Div. 2010) (citing State v. Stillwell, 175 N.J. Super. 244, 251 (App. Div. 1980)).

Although, the statute of limitations pertaining to a specific crime may be amended by the Legislature, the Ex Post Facto Clause prevents the time period for prosecution to be extended in any case where the preexisting limitation period has already expired. See Stogner v. California, 539 U.S. 607, 632–33 (2003) (reaffirming that a law enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution).

Originally enacted as part of the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 to 104-9, the statute of limitations for sexual offenses was fixed at five years. Importantly for purposes of this appeal, the statute of limitations for sexual offenses has been amended periodically over the years. In 1986, for example, the five-year time limitation period for commencing sexual offenses

prosecutions involving minor victims was extended to two years after the victim's eighteenth birthday.  L. 1986, c. 166.  In 1994, the statute was amended to create a "discovery" extension concerning DNA or fingerprint evidence.  L. 1994, c. 53; see State v. Thompson, __ N.J. __, __ (2022) (interpreting N.J.S.A. 2C:1-6(c)).

In 1996, the statute was amended to provide that a prosecution for N.J.S.A. 2C:14-2 "may be commenced at any time," effectively eliminating the time limitation for initiating a prosecution for sexual assault.  L. 1996, c. 22. The N.J.S.A. 2C:1-6 amendment provides that "[t]his act shall take effect immediately and shall be applicable to all offenses not yet barred from prosecution under the statute of limitations as of the effective date."  L. 1996, c. 22, Note.

Here, defendant began sexually assaulting O.M. in 1991 when she was either twelve or thirteen years old.  O.M. turned eighteen in 1996.  Under the original version of N.J.S.A. 2C:1-6, a prosecution against defendant would have needed to commence by August 2001.  Accordingly, when the law was amended in 1996 to eliminate the statute of limitations for sexual assault, the preexisting statute of limitations had not expired.  For that reason, prosecution for defendant's sexual assault was not time barred.  See E.S. v. H.A., 451 N.J. Super.

374, 385 (App. Div. 2017) (noting that a prosecution for sexual assault can be commenced at any time); see also State v. Nagle, 226 N.J. Super. 513, 515 (noting that the amendment of N.J.S.A. 2C:1-6 was meant to apply to already-committed crimes).

We likewise reject defendant's contention that his counsel provided ineffective assistance by failing to join these meritless motions. Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. State v. Strickland, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). In order to demonstrate ineffectiveness of counsel, "[f]irst, the defendant must show that counsel's performance was deficient . . . [and] [s]econd, . . . that the deficient performance prejudiced the defense." Id. at 687. In State v. Fritz, our Supreme Court adopted the two-part test articulated in Strickland. 105 N.J. 42, 58 (1987).

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The fact that a

trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 220 (2002) (citing State v. Bey, 161 N.J. 233, 251 (1999)).

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. The second Strickland prong is particularly demanding: "the error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)).

In this instance, counsel did not render ineffective assistance by failing to file a meritless motion, and even if counsel had joined in defendant's pro se motion, that motion would have been denied. Defendant has thus failed to establish either prong of the Strickland test.

We add that under the Rules of Professional Conduct,

> A lawyer shall not bring or defend a proceeding, nor assert or controvert an issue therein unless the lawyer knows or reasonably believes that there is a basis in law and fact for doing so that is not frivolous, which

includes a good faith argument for an extension, modification, or reversal of existing law, or the establishment of new law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

[RPC 3.1.]

To the extent we have not addressed them, and remaining arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2708-20